UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, individually, and on behalf of
all others similarly situated,

        Plaintiffs,

v.

CIN-LAN, INC. and DEJA VU
CONSULTING, INC.,

        Defendants.
                                        /

Case No. 08-cv-12719

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE
SECOND AFFIDAVIT OF JANE DOE AND THE COROLLARY PORTIONS OF
PLAINTIFF'S RESPONSE TO OBJECTIONS TO THE MAGISTRATE'S REPORT AND
RECOMMENDATION, AND SCHEDULING A HEARING ON DEFENDANTS'
OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

Plaintiff Jane Doe's motion for a preliminary injunction in this matter has spawned eleven briefs, voluminous affidavits and a two-hour hearing before Magistrate Judge Hluchaniuk -- none of which narrowed the issues in controversy or clarified the facts in dispute. Thus, the Court hereby provides a procedural framework for resolving the issues and managing the case.

The defendants' motion, docket no. 29, to strike an affidavit and a verification of Doe's complaint submitted by the plaintiff in conjunction with her response, docket no. 26, to the defendants' objections to the magistrate judge's Report and Recommendation ("R&R") is currently before the Court. Although the defendants acknowledge that the Court has authority, under 28 U.S.C. § 636(b)(1), to receive additional evidence on review of an R&R, they claim that by filing her affidavit at the "eleventh hour," the plaintiff has unfairly surprised them. While providing an adversary with five business days to submit a five-page response brief to an affidavit might constitute the kind of unfair surprise that justifies striking

the affidavit in disposing of the underlying motion, the Court notes that defendants also filed several affidavits after the hearing before the Magistrate Judge. Docket no. 18, exs. A through I; docket no. 21, exs. A and B.

The Court does not agree with the plaintiff's contention that her second affidavit is simply a response to the "extra" affidavits filed by the defendants. The affidavit instead appears to be a response to Magistrate Judge Hluchaniuk's conclusion in the R&R that only "employees," within the meaning of the FLSA, are entitled to invoke that statute's anti-retaliation provisions. R&R, docket no. 19, at p. 11. As Doe had not yet adduced any evidence as to her alleged "employee" status before the R&R issued, and yet did not object to that portion of the R&R, her second affidavit was apparently an attempt to shore up that element of the retaliation claim.

The Court does not agree with the defendants, either, that striking the affidavit is the proper remedy here, because doing so would invite the plaintiff to re-file her motion and re-submit her second affidavit along with it, thus adding more height to the stack of papers already filed. Moreover, procedures are available here for the defendants to contest the statements in plaintiff's second affidavit.

Accordingly, the Court will exercise its discretion under § 636(b)(1) to consider, in reviewing the R&R, evidence that the parties adduce on the issue of the terms of the business relationship between Doe and Cin-Lan. The Court's consideration will include a review of the affidavits already submitted. The parties are free to submit other affidavits on the issue if they desire.

The Court will also grant defendants' request for a hearing on their objections to the R&R. The hearing will be strictly limited to the sole question of whether Doe is likely to

succeed in showing that she is an FLSA "employee," as Magistrate Judge Hluchaniuk concluded she must to obtain the preliminary injunction she now seeks.

The Court also rejects the other grounds asserted by the defendants for striking the affidavit. While the Court agrees with the defendants' assertion that some of Doe's affirmations are made in the form of hearsay or legal conclusions, others of the affirmations are not. The defendants cite cases stating that courts "should disregard conclusions of law (or 'ultimate fact') found in affidavits," *F.R.C. Int'l v. U.S.*, 287 F. 3d 641, 643-44 (6th Cir. 2002), and that hearsay in affidavits "should be disregarded," *State Mutual Life Assurance Co. v. Deer Creek Park*, 612 F. 2d 259, 264 (6th Cir. 1979), but not that affidavits containing statements of either of these varieties should be entirely stricken. Rather than striking Doe's affidavit, then, the Court will simply disregard any portions that are deficient in either of these ways.

The defendants finally claim that they are harmed by Doe's prosecution of this case under an alias, when she has not yet moved to do so. The Court is aware of both the public policy in favor of conducting cases under the real names of the parties, *see Doe v. Blue Cross and Blue Shield*, 112 F. 3d 869, 872 (7th Cir. 1997), and the special privacy concerns implicated in litigation by nude dancers, *see N.W. Enterprises, Inc. v. City of Houston*, 27 F. Supp. 2d 754, 842 (S.D. Tex. 1998). On balance, the Court is reluctant to interpose the consideration of yet another motion into the middle of already-protracted proceedings on an emergency motion. Even were the motion less urgent, the Court believes that punitively striking an affidavit just before ruling on a motion would not be the proper solution to the problem. Instead, the Court urges the parties to resolve the issue between themselves and to file a stipulation as to the plaintiff's anonymity. Should that fail,

the plaintiff will be required to file the appropriate motion promptly after the disposition of her preliminary injunction motion.

**WHEREFORE**, the defendants' motion to strike is hereby **DENIED**. The parties are **ORDERED** to appear for a hearing on the terms of Doe's relationship with Cin-Lan at 10:30 AM on Thursday, October 23d. The parties are limited to twenty minutes per side and such time limits will be strictly enforced.

The Court will receive as evidence and consider all affidavits submitted on the issue by noon on Wednesday, October 22nd. Should any party wish to use part of its twenty minute time allotment for the presentation of witness testimony, such witnesses must be identified to the Court in writing and a statement detailing the substance of their testimony must be filed and served by the same time.

**SO ORDERED**.

s/Stephen J. Murphy, III
Stephen J. Murphy, III
United States District Judge

Dated: October 17, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 17, 2008, by electronic and/or ordinary mail.

Alissa Greer
Case Manager