**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JANE DOE**, individually, and on behalf of all
others similarly situated,

      Plaintiff,                               Case No. 08-12719

v.                                          Hon. Stephen J. Murphy, III

**CIN-LAN, INC.**,                       Mag. Michael J. Hluchaniuk
**DÉJÀ VU CONSULTING, INC.**, and
**HARRY V. MOHNEY**,

      Defendants.


**CIN-LAN, INC.**,

           Counterclaimant,
    v.

**JANE DOE**,

           Counter-defendant.

_____/

**DEFENDANT CIN-LAN, INC.'S ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIM AGAINST PLAINTIFF**

_____

## ANSWER

Defendant CIN-LAN, INC. (hereafter "Defendant" or "CIN-LAN"), through counsel, Answers Plaintiff's Amended Complaint and asserts its Affirmative Defenses as follows:

### I.      INTRODUCTION

1.      Defendant CIN-LAN denies that it failed to pay the Plaintiff, and all other alleged members of the Class, the minimum wages that they were entitled to under federal and state law for the reason that the Plaintiff, and all other alleged members of the Class, were not "employees."   All other allegations contained within this paragraph are neither admitted nor denied for the reason that the Defendant is without sufficient information to form a belief as to the truth of the allegations, and leaves Plaintiff to her proofs.

### II.      JURISDICTION & VENUE

2.      Defendant admits that the amended complaint alleges causes of action under the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*) ("FLSA") and that the Court has jurisdiction pursuant to 28 U.S.C. § 1331 over any properly pleaded and proven FLSA claims by Plaintiff.

3.      The Defendant denies that the Court has diversity jurisdiction (28 U.S.C. § 1332(a)) or CAFA jurisdiction (28 U.S.C. § 1332(d)).

4.      Defendant admits that Plaintiff's original complaint alleged claims under the Michigan Minimum Wage Law of 1964 ("MWL") and that on July 8, 2008, the federal district court, Judge Gadola, declined supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and dismissed Plaintiff's state law claims without prejudice.  Defendant further admits that pursuant to an agreement among counsel, Defendant was not required to file a responsive pleading until an amended complaint was filed.   Defendant denies that diversity jurisdiction or CAFA jurisdiction actually exists.

2

5.      Defendant admits that it does business in Lansing, Michigan.  Defendant denies that it "operates numerous nightclubs," and, as to the remaining allegations, Defendant neither admits nor denies for the reason that it is without sufficient knowledge and information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

### III.      PARTIES & STANDING

6.      Defendant denies that Plaintiff has ever been an employee of the Defendant, or that she was constructively discharged on July 2, 2008, for the reason that such allegations are untrue.  Defendant CIN-LAN admits that Plaintiff has performed in its establishment.  Defendant neither admits nor denies the remaining allegations for the reason that it is without sufficient information to form a belief as to the truth of the allegations, and CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

7.      Defendant admits that Plaintiff may wish to proceed anonymously for the reasons stated and neither admits nor denies the remaining allegations for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

8.      Defendant admits the existence of a custom for exotic dancers to use pseudonyms for security and privacy and neither admits nor denies the remaining allegations for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

9.    Defendant denies the absence of prejudice, and Defendant neither admits nor denies the remaining allegations for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

10.    Defendant admits that it knows Plaintiff's identity, and as to the remaining allegations neither admits nor denies for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

11.    Defendant denies the allegations contained within this paragraph for the reason the same are untrue.

12.    Defendant CIN-LAN admits that it is a Michigan corporation which operates a nightclub featuring exotic dancing located at 1000 W. Jolly Road, Lansing, Michigan 48910. The remaining allegations contained within this paragraph are denied for the reason that the same are untrue.

13.    Defendant CIN-LAN does not answer on behalf of Déjà Vu Consulting, Inc.

14.    Defendant CIN-LAN does not answer on behalf of Déjà Vu Consulting, Inc.

15.    Defendant CIN-LAN does not answer on behalf of Déjà Vu Consulting, Inc. or Harry V. Mohney.

16.    Defendant CIN-LAN does not answer on behalf of Déjà Vu Consulting, Inc. or Harry V. Mohney.

17.    Defendant CIN-LAN does not answer on behalf of Déjà Vu Consulting, Inc. or Harry V. Mohney but states that the allegation should be stricken as immaterial, impertinent, incoherent and having no bearing on the issues in this case, and are based on the inadmissible hearsay content of Wikipedia.

18.     Defendant CIN-LAN admits that its registered agent is Modern Bookkeeping, Inc. As to the remaining allegations that pertain to CIN-LAN, all the allegations contained within this paragraph are neither admitted nor denied for the reason that Defendant is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

19.     Defendant CIN-LAN does not answer on behalf of Déjà Vu Consulting, Inc.

20.     Defendant neither admits nor denies the allegations contained within this paragraph for the reason it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

21.     Defendant denies the allegations contained within this paragraph for the reason that that they are untrue and otherwise leaves Plaintiff to her proofs; CIN-LAN does not answer on behalf of Defendants Déjà vu Consulting, Inc. or Harry V. Mohney.

22.     Defendant neither admits nor denies the allegations contained within this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegation and leaves Plaintiff to her proofs.  CIN-LAN does not answer on behalf of Defendants Déjà vu Consulting, Inc. or Harry V. Mohney.

23.     Defendant CIN-LAN does not answer on behalf of Defendants Déjà Vu Consulting, Inc. or Harry V. Mohney.

24.     Defendant CIN-LAN denies the allegation as it pertains to CIN-LAN and CIN-LAN further states that to the extent the paragraph contains legal citations and/or legal arguments or legal conclusions, they do not require a response as they consist of legal arguments rather than factual allegations.  CIN-LAN does not answer on behalf of Defendant Harry V. Mohney.

25.     Defendant CIN-LAN neither admits nor denies the allegations contained within this paragraph for the reason that it is without sufficient information to form a belief as to the

truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further contends that to the extent this paragraph contains legal citations and/or legal arguments and/or conclusions, they do not require a response as they consist of legal arguments rather than factual allegations.

26.     Defendant CIN-LAN neither admits nor denies the allegations contained within this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs, and further states that the allegation should be stricken as immaterial, impertinent, incoherent and having no bearing on the issues in this case and because it contains inadmissible hearsay from a newspaper article.

27.     Defendant CIN-LAN neither admits nor denies the allegations contained within this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

28.     Defendant CIN-LAN denies the allegations for the reason that they are untrue.

29.     Defendant CIN-LAN neither admits nor denies the allegations contained within this paragraph for the reason that it is without sufficient information as to form a belief to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

30.     Defendant CIN-LAN admits that it owns and operates one night club in Lansing, Michigan, which is engaged in interstate commerce and has annual gross revenues in excess of $500,000; as to the remaining allegations Defendant CIN-LAN denies the allegations.

31.     Defendant CIN-LAN neither admits nor denies that it was engaged in commerce, denies that it is or constitutes with others an "enterprise," denies that it employed Plaintiff, and neither admits nor denies the remaining allegations for lack of sufficient information to form a

6

belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

32. Defendant CIN-LAN denies that the FLSA applies to Plaintiff or the putative class of dancers who performed at its Lansing nightclub for the reason that neither the Plaintiff nor the alleged putative class members were its "employees." CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

33. Defendant CIN-LAN neither admits nor denies the allegations contained within this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

34. Defendant CIN-LAN denies that the MWL applied to Plaintiff or alleged putative class members for the reason that they were not "employees" and CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response. As to the remainder of the allegations, CIN-LAN neither admits nor denies them for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

35. Defendant CIN-LAN denies that either the Plaintiff or the alleged putative class is covered by the provisions of the FLSA or the MWL because they are not "employees" and CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

Defendant CIN-LAN neither admits nor denies the remaining allegations for lack of sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

## IV.    <u>GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS</u>

36.     Defendant CIN-LAN denies that either the Plaintiff or each alleged member of the Class have ever been employees of the Defendant under either the FLSA or the MWL. Defendant CIN-LAN neither admits nor denies the remaining allegations of this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

37.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

38.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

39.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

40.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

41.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

42.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

43.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

44.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue and CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

45.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

46.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

47.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

48.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

49.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

50.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

51.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

52.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

53.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

54.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

11

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

55.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

56.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

57.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

### A.    *Degree of Control*

58.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

59.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

60.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

61.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

62.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

63.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

13

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

64.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

65.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

66.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

**B.**     ***Skill and Initiative***

67.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

68.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

69.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

70.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

### C.    *Relative Investment*

71.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

72.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

### D.    *Opportunity for Profit and Loss*

73.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

74.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

75.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

### E.    Permanency

76.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

### F.    Integral Part

77.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

78.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

79.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

## V.    DEFENDANTS' INTENT

80.    Defendant CIN-LAN denies the extremely broad and ambiguous allegations for the reason that the same are untrue and leaves Plaintiff to her proofs.  CIN-LAN further states

that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

81.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

82.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

## VI.    <u>INJURY AND DAMAGE</u>

83.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

## VII.    <u>CLASS ALLEGATIONS</u>

84.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

85.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

86.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

87.     Defendant CIN-LAN denies that the individuals in the class are so numerous that joinder of all members is impractical.  As to the remainder of the allegations contained therein, Defendant CIN-LAN neither admits nor denies the allegations contained therein for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

88.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

89.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

90.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

91.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

92.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA**
**(Failure to Pay Statutory Minimum Wages)**

93.     Defendant CIN-LAN reincorporates by reference its responses in all of the preceding paragraphs.

94.     Defendant CIN-LAN denies the allegations for the reason that the same are untrue.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

95.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

96.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

97.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

98.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

99.     Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

100.    Defendant CIN-LAN denies the allegations for the reason that the same are untrue.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

101.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

102.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of

the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

103.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

104.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

105.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

106.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

107.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of

21

the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

108.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

109.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

110.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

## SECOND CAUSE OF ACTION

### VIOLATION OF MICHIGAN MINIMUM WAGE LAW OF 1964
### (Failure to Pay Statutory Minimum Wage)

111.    Defendant CIN-LAN reincorporates by reference its responses in all of the preceding paragraphs.

112.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

113.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

114.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

115.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

116.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

117.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

118.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

119.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

120.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

121.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

122.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

123.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of

24

the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual

allegations, it does not require a response.

124.    Defendant CIN-LAN neither admits nor denies the allegations contained in this

paragraph for the reason that it is without sufficient information to form a belief as to the truth of

the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual

allegations, it does not require a response.

125.    Defendant CIN-LAN neither admits nor denies the allegations contained in this

paragraph for the reason that it is without sufficient information to form a belief as to the truth of

the allegations and leaves Plaintiff to her proofs.

**THIRD CAUSE OF ACTION**
**VIOLATION OF FLSA**
**(Unlawful Collection of Tips/Gratuities)**

126.    Defendant CIN-LAN reincorporates by reference its responses in all of the

preceding paragraphs.

127.    Defendant CIN-LAN neither admits nor denies the allegations contained in this

paragraph for the reason that it is without sufficient information to form a belief as to the truth of

the allegations and leaves Plaintiff to her proofs.

128.    Defendant CIN-LAN neither admits nor denies the allegations contained in this

paragraph for the reason that it is without sufficient information to form a belief as to the truth of

the allegations and leaves Plaintiff to her proofs.

129.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

130.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

131.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

132.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

133.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE FLSA AND MWL
**(Failure to Maintain Records)**

134.    Defendant CIN-LAN reincorporates by reference its responses in all of the preceding paragraphs.

135.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

136.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

137.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

138.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

139.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

140.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

141.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

142.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

143.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

144.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

145.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of

the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

146.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

147.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs. CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

## FIFTH CAUSE OF ACTION
## VIOLATION OF ANTI-RETALIATION LAWS
### (Constructive Discharge)

148.    Defendant CIN-LAN reincorporates by reference its responses in all of the preceding paragraphs.

149.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

150.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

151.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

152.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

153.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

154.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

155.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

156.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

157.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this

paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

158.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.  CIN-LAN further states that to the extent this paragraph contains legal citations and/or legal arguments, and/or legal conclusions, not factual allegations, it does not require a response.

159.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

160.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

161.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

162.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

163.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

164.    Defendant CIN-LAN neither admits nor denies the allegations contained in this paragraph for the reason that it is without sufficient information to form a belief as to the truth of the allegations and leaves Plaintiff to her proofs.

**WHEREFORE, Defendant prays**

1.    That Plaintiff's claims be dismissed;

2.    That class certification be denied;

3.    That Plaintiff be denied certification as the representative;

4.    That Plaintiff take nothing by way of her complaint;

5.    That Judgment be awarded to Defendants;

6.    That Defendant be awarded it costs of suit, including reasonable attorney fees and expenses to the extent authorized by law and contract;

7.    For such other and further relief as the Court deems appropriate.

Respectfully submitted

HERTZ SCHRAM PC
s/ Walter J. Piszczatowski (P27158)
Attorney for Defendant CIN-LAN, INC.
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
(248) 335-3346 (fax)
Dated:  February 2, 2009                        wallyp@hertzschram.com

## AFFIRMATIVE DEFENSES

Defendant, CIN-LAN, INC. through its attorneys, Hertz Schram PC by Walter J. Piszczatowski, submits the following affirmative defenses:[1]

---

[1] To the extent the Affirmative Defenses refer to Plaintiff, they also refer to any putative class or collective action member in the event certification is granted by the Court.

1.     Plaintiff's complaint, and each and every cause of action set forth therein, fails to state a cause of action against Defendant.

2.     Plaintiff's complaint, and each purported cause of action therein, is barred to the extent that Plaintiff failed to exhaust any mandatory contractual remedies, including but not limited to any arbitration procedures.

3.     Plaintiff's complaint, and each purported cause of action therein, is barred because the Federal Arbitration Act does not authorize class action arbitration in the absence of an agreement authorizing class-wide arbitration.

4.     Plaintiff's complaint, and each purported cause of action therein, is barred because the Arbitration Agreement between Defendant and the purported class does not provide or permit class wide arbitration.

5.     Plaintiff's complaint, and each purported cause of action therein, is barred because Section 4 of the Federal Arbitration Act does not authorize class action arbitration in the absence of an agreement.

6.     Plaintiff's complaint, and each purported cause of action therein, is barred because Plaintiff and any putative class members, who performed as an exotic dance entertainer at Defendant's business establishment, entered into an agreement with Defendant agreeing that the business relationship between Defendant and said dancer was not that of employee-employer.  At no time was Plaintiff or any putative class member an "employee" of Defendant.

7.     Plaintiff's complaint, and each purported cause of action therein, is barred because Plaintiff (and any putative class member) performed as an exotic dance entertainer at Defendant's business premises, did so as a tenant or independent contractor, and is therefore precluded from invoking the provisions of the FLSA or MWL.

8.     Plaintiff's complaint and each purported cause of action therein, is barred to the extent that Plaintiff lacks standing.

9.     Plaintiff's claims and each purported cause of action therein, are barred due to Plaintiff's and putative class members' breaches of contract.

33

10.   Plaintiff's claims are barred due to fraud in the inducement by Plaintiff and any putative class member.

11.   Plaintiff and any putative class member is barred from obtaining relief due to unjust enrichment.

12.   Plaintiff's claims are barred due to intentional misrepresentation by Plaintiff and any putative class member.

13.   Plaintiff and putative class members are barred from obtaining relief to the extent Plaintiff inexcusably and unreasonably delayed in the filing of her action, causing prejudice to Defendant.

14.   Plaintiff's claims are barred due to judicial and equitable estoppel.

15.   Plaintiff and putative class member are barred from obtaining relief due to detrimental reliance.

16.   Plaintiff's claims are barred due to unclean hands and violations of the implied covenants of good faith and fair dealing by Plaintiff and/or any putative class member.

17.   Plaintiff's claims are barred due to failure to mitigate damages or use reasonable care to prevent any damages by Plaintiff and/or any putative class member.

18.   Plaintiff's claims are barred to the extent Plaintiff's or any putative class member's actions have waived the right to recovery.

19.   Plaintiff's claims are barred due to the applicable statutes of limitations.

20.   Plaintiff's claims are barred because Plaintiff sues anonymously, fails to identify herself, fails to sue in her own name, and fails to disclose in the Amended Complaint the real parties in interest, all in violation of the Federal Rules of Civil Procedure.

21.   Plaintiff's damages and claims are barred to the extent that Defendant is entitled to setoffs.

22.   Plaintiff's claims are barred due to doctrine of the statute of frauds.

23.   Plaintiff's claims are barred because Defendant was not an employer, joint employer, or part of an "enterprise" of employers.

34

24. Plaintiff's claims are barred due to accord and satisfaction.

25. Plaintiff's claims are barred due to release.

26. Plaintiff's claims are barred due to payment.

27. Plaintiff's claims are barred because any damages are nominal.

28. Plaintiff's claims are barred due to *res judicata*.

29. Plaintiff's claims are barred due to collateral estoppel.

30. Plaintiff's claims are barred due to avoidable consequences.

31. Plaintiff's claims are barred due to the absence of an employment relationship between Plaintiff and Defendant.

32. Plaintiff's claims are barred due to the artistic professions exemption.

33. Plaintiff's claims are barred because monies collected from the sale of dances was not a "tip" or "gratuity."

34. Plaintiff's damages and claims are barred because only those monies over and above the stated price of the dance constitutes a "tip" or "gratuity."

35. The Plaintiff's claims are barred to the extent that Plaintiff and putative class members consented to or requested the alleged conduct of Defendant and accepted the benefit of the non-employee status without complaint during the time that she or they performed services for Defendant.

36. The Plaintiff's claims are barred to the extent Defendant acted in good faith at all times referenced in the complaint.

37. The Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel, including waiver and/or estoppel based upon course of conduct.

38. The Plaintiff's claims are barred because she, and all members of the putative class, earned more than minimum wage.

39. The Plaintiff's claims are barred due to abandonment.

40.   The FLSA does not apply to independent contractors who work for their own advantage on the premises of another, were not denied the minimum standard of living, and did not perform under an arrangement which threatened fair competition.

41.   The Plaintiff's claims are barred due to the failure of the Plaintiff, and members of the putative class, to conform to the obligations of employees.

42.   The Plaintiff's claims are barred due to the absence of negligence or willful misconduct on the part of the Defendant.

43.   The Plaintiff's claims both Rule 23 class action and FLSA collective action should be barred due to confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and Defendant.

44.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint due to the lack of an ascertainable, identifiable class.

45.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint due to the absence of a commonality of interest.

46.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because a class action is not the superior method of adjudicating the dispute.

47.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the inadequacy of Plaintiff as a representative of the putative class.

48.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because the Plaintiff is not typical of the putative class.

49.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of insurmountable management problems.

50.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the absence of common questions of law or fact and/or the absence of similarly situated putative class members.

51.   Plaintiff is barred from obtaining certification of a class or collective action under her complaint because there are substantial numbers of class members antagonistic to the class.

52.  Plaintiff is barred from obtaining certification of a class or collective action under her complaint because class treatment does not benefit the Court or the parties.

53.  Plaintiff is barred from obtaining certification of a class or collective action under her complaint because common questions of fact do not predominate.

54.  Plaintiff is barred from obtaining certification of a class or collective action under her complaint because any damages are unique, individualized, and nominal.

55.  Plaintiff is barred from obtaining certification of a class or collective action under her complaint because the proofs are individualized.

56.  Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the resulting confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and Defendant.

57.  Plaintiff's claims are barred by the lack of subject-matter jurisdiction.

58.  Plaintiff's claims are barred by the lack of standing or a case in controversy.

59.  Plaintiff's complaint fails for lack of subject-matter jurisdiction, including jurisdiction pursuant to CAFA, 28 U.S.C. §1332(d), and supplemental jurisdiction, 28 U.S.C. §1367.

60.  Plaintiff's claims are barred by the doctrine of *in pari delicto*.

In the event that Plaintiff seeks certification of a class or collective action, Defendant reserves the right to supplement these affirmative defenses.  Defendant further reserves the right to supplement these affirmative defenses as they become known during the course of discovery.

<div style="margin-left:40%">

Respectfully submitted

HERTZ SCHRAM PC
s/ Walter J. Piszczatowski (P27158)
Attorney for Defendant CIN-LAN, INC.
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
(248) 335-3346 (fax)
wallyp@hertzschram.com

</div>

Dated:  February 2, 2009

## <u>DEFENDANT CIN-LAN, INC.'S COUNTERCLAIM AGAINST PLAINTIFF</u>

Counterclaimant CIN-LAN, INC. (hereinafter "CIN-LAN") hereby counterclaims and alleges against Counter-defendant JANE DOE ("DOE"), as follows:

### <u>PARTIES</u>

1.      CIN-LAN is a Corporation which was incorporated in Michigan, and which operates a night club business at 1000 W. Jolly Road, Lansing, Michigan, which business is specially licensed and occupies specially zoned properties, such that adult oriented entertainment may lawfully be conducted on its business.

2.      This Court has jurisdiction to adjudicate the relief sought by CIN-LAN pursuant to Fed.R.Civ.P. 13(a).

3.      DOE is a professional entertainer who performed as an exotic dancer at CIN-LAN's business on various occasions in 2007 and 2008.

4.      In or about June of 2007, DOE approached CIN-LAN seeking an opportunity to perform as a professional entertainer.

5.      On such date, DOE represented to CIN-LAN that she had previously performed at other nightclubs.

6.      It is CIN-LAN's standard business practice to offer entertainers the opportunity to perform as an employee entertainer or alternatively, under a written contract with CIN-LAN entitled Dancer Performance Lease (thereinafter "DPL"). A true and correct copy of the Entertainer Application (including a document entitled "To All Persons Desiring to Perform as Entertainers at This Club" and hereafter referred to collectively as "Entertainer Application" ) and DPL are attached hereto as **Exhibits A** and **B**.

7.      On information and belief, on various occasions CIN-LAN requested of DOE to sign the documents and DOE advised that she was waiting to have a copy of her driver's license on her person so she could submit her documents at one time.

8.    At all relevant times, DOE, by her actions, represented to CIN-LAN that she intended to perform as an independent contractor and that she agreed to the financial arrangement whereby she would retain a portion of dance fees and pay rent to CIN-LAN rather than engaging in an employer-employee relationship for the payment of wages or for any benefits to which an employee is entitled under the Fair Labor Standards Act, *see* **Exhibit A**, ¶ 18.

9.    At all relevant times, DOE, by her actions, represented to CIN-LAN that she had the legal capacity to contract and that she desired to enter into an agreement with CIN-LAN under the terms of performing as an independent contractor.

10.    The terms of the DPL, the parties' oral agreement, and their agreement in practice (collectively, the "parties' agreements") all had a lawful objective, including but not limited to establishing how the proceeds from individual (non stage) dances marketed by DOE at CIN-LAN's business were to be allocated between it and DOE, to wit: as a non-employee CIN-LAN agreed that DOE would retain a substantial percentage of the mandatory dance fees paid by customers for individual dances and pay to CIN-LAN a portion of the dance fees in the form of rent.

11.    The parties' agreements and actions had lawful objectives, including establishing that the parties were disavowing an employment relationship.

12.    During each of DOE's performance dates, there was a mandatory, fixed and posted dance fee charged to patrons for individual dances at CIN-LAN.

13.    Patrons were permitted, but not required, to give a dancer a "tip" or "gratuity" over and above the mandatory dance fee, at the patron's discretion.

14.    During each of DOE's performance dates, DOE performed individual dances for patrons, and collected the dance fee for each dance she performed.

15.    During each of DOE's performance dates, CIN-LAN maintained records concerning the number and price of dances DOE performed, constituting a record of the amounts of monies DOE collected from patrons for dance fees, exclusive of "tips."

16.    During each of DOE's performance dates, DOE collected dance fees far in excess of minimum wage, including, at times, earning upwards of $75.00 per hour, exclusive of "tips." (See Exhibit "C".)

17.    During each of DOE's performance dates, she adopted a pattern and practice of non-employee conduct; by way of example DOE collected and retained dance fees from dance sales; she collected tips which she did not report to CIN-LAN; she selected if, when, where and for whom she would perform; she selected her dates and times of work without control by CIN-LAN; she did not clock in or out, or perform employee-services for CIN-LAN such as waitressing or bartending duties or act in any capacity outside that of a professional entertainer; all of which constitutes conduct unlike that required of CIN-LAN's employees.

18.    Pursuant to the parties' agreements, and her actions, at all relevant times DOE retained a portion of the proceeds from individual dance fees as an independent contractor rather than seeking an employer-employee relationship and set hourly wages; Doe also retained tips given to her by customers.

19.    Pursuant to the parties' agreements, and her actions, DOE agreed that patrons would pay for dance fees at the posted amount and, at the end of her performance date, she and CIN-LAN's management completed a dance sales and rent accounting.

20.    During the times she performed at CIN-LAN's business premises, DOE regularly collected the proceeds from dance sales from customers, agreed to each accounting between the parties, and acknowledged the same by signing a receipt for each of her performance dates.

21.    By the parties' agreements, and her actions, DOE acknowledged that she was not, and did not intend to be, an "employee" of CIN-LAN and did not wish to be compensated as an employee with a set hourly wage, but to maintain an independent contractor relationship.

22.    By the parties' agreements, and her actions, DOE acknowledged and agreed that her right to retain a portion of the proceeds from dance sales was based upon her agreement to maintain a relationship with CIN-LAN as an independent contractor rather than acting as an employee who work receive a set hourly wage.

40

23.    At all times, CIN-LAN abided by the terms of the DPL and the parties' agreements and has fully performed its obligations thereunder, including permitting DOE to retain substantial portions of the dance sales, which, under an employment arrangement, would have been the exclusive property of CIN-LAN, and conceding to DOE important controls CIN-LAN would have reserved for itself, including selecting her own schedule, selecting patrons for whom she would or would not perform, avoiding participation in CIN-LAN promotions and advertising, wearing costumes of her choice, exercising her option to work at other unrelated dance venues, and avoiding duties other than dancing.

24.    At no time during the time she performed at Cin-Lan's business establishment nor at any time prior to the filing and service of her Complaint in the above-entitled action, did DOE in any way advise CIN-LAN or in any way claim entitlement to any of the rights, privileges, or benefits as set forth in the Fair Labor Standards Act or Michigan Wage Law; ask for or seek minimum wage or other employment benefits; claim to be or ask to be converted into an employee of CIN-LAN; claim that she was being treated as an employee of CIN-LAN; assert that she did not intend or desire to comply with the parties' agreements; assert that she believed the parties agreements were invalid; or assert that she felt that the parties' agreements did not constitute a true description of her business relationship with CIN-LAN.

25.    After financially benefiting from her action and representations to CIN-LAN that she desired and intended to perform as an independent contractor rather than as an hourly wage earner, DOE now seeks the payment of minimum wages and other benefits for all times that she performed as an entertainer at CIN-LAN's business and, further, to retain all the dance fees she already collected under the terms of the parties' agreements.   (See DOE's Complaint, the pertinent paragraphs of which are incorporated by reference.)

## COUNT I

## BREACH OF AGREEMENT

26.    CIN-LAN incorporates herein paragraphs 1-25 inclusive.

27.    CIN-LAN entered the agreements with DOE based upon DOE'S express agreement that she wished to maintain an independent contractor relationship and that her performances would not be and were not as CIN-LAN's hourly employee, which was based upon her words and conduct.

28.    Based on the parties' agreements, DOE and CIN-LAN allocated dance sales according to the terms agreed to by the parties.

29.    Based on the parties' agreements, DOE retained a substantial portion of dance sales according to the terms agreed to by the parties, including by way of example, upwards of $75 per hour, exclusive of tips, according to CIN-LAN's records (April 2008 dancer receipt issued to Doe, attached hereto as **Exhibit C**).

30.    DOE seeks to nullify and/or repudiate her agreement with CIN-LAN to work as an independent contractor and now claims that she is entitled to all the proceeds of dance sales in addition to employee hourly wages, in breach of her agreement with CIN-LAN.

31.    DOE refuses to perform in conformity with the parties' agreements in various ways, including demanding not only the compensation agreed upon in her capacity as an independent contractor but by demanding additional compensation as an employee.

32.    DOE refuses to return the dance fees or allow an offset in the event she is deemed entitled to wages, claiming that the dance fees she retained were "tips."

33.    In the event there is a determination that DOE was an employee entitled to minimum wage, she would not be entitled to keep CIN-LAN'S revenue (i.e. mandatory dance fees paid by customers) as her own revenue, but rather, pursuant to the parties' agreements, and applicable law would be required to remit the total of said fees to CIN-LAN.

34.    As a direct and proximate result of the breaches by DOE, CIN-LAN has suffered monetary damages.

35.    CIN-LAN is entitled to an award of damages against DOE, in an amount equal to the proceeds from dance sales (exclusive of tips) retained by DOE during the time she performed

at CIN-LAN's business under an agreement that she intended to maintain independent contractor status.

## COUNT II

## FRAUD IN THE INDUCEMENT OF CONTRACT

36.    CIN-LAN incorporates herein paragraphs 1-35, inclusive.

37.    At the time she entered the agreement with CIN-LAN and at all times during which she performed at CIN-LAN's business through on or about June of 2008, DOE promised to perform her obligations under the terms of the parties' agreements and represented, expressly and through omissions, that she intended and desired to perform and did perform under the parties' agreements as an independent contract entertainer, which representations were central and material components of the parties' business relationship and CIN-LAN's agreement to allow her to perform at its establishment.

38.    DOE's representations were false when made, and were known by her to be false when made or were made recklessly without regard for the truth, in that DOE had an intent not to perform or honor those obligations and to deceive CIN-LAN while benefiting from those misrepresentations and omissions and to thereafter reveal her true intent to seek the benefits of employee status directly contrary to her representations, actions, and omissions.

39.    DOE's misrepresentations, actions, and omissions were intended to induce, and did induce, CIN-LAN to enter the agreements, and to allow DOE to perform under the agreements and to thereby obtain all the benefits of the agreed-upon independent contractor relationship.

40.    CIN-LAN was unaware of and had no reason to know of the falsity and continuation thereof of DOE'S representations, her omissions, and the true facts, including her secret intentions, when it agreed with DOE and at all times thereafter until the filing of DOE'S Complaint in this case.

43

41.   To its detriment, CIN-LAN reasonably relied upon DOE's material and false representations and omissions in entering the agreements and thereby suffered damages.

42.   DOE made the false representations and omissions for the specific purpose of inducing CIN-LAN to enter into the agreements and to permit and continue to permit DOE to perform at its business under the status, and financial and other arrangements as agreed to by them.

43.   Had CIN-LAN known of DOE's misrepresentations and omissions, CIN-LAN would not have acted as it did, including entering the agreements or performing under the Contract, including paying DOE a portion of the dance fees and conceding to her control of her performance dates and other aspects of her work for the relevant time period.

44.   As a direct and proximate result of the fraud by DOE, CIN-LAN has suffered damages.

45.   CIN-LAN is entitled to an award of general and special damages against DOE, in an amount to be established by the proofs.

<u>**COUNT III**</u>

<u>**INNOCENT MISREPRESENTATION**</u>

46.   CIN-LAN incorporates herein paragraphs 1-45 inclusive.

47.   DOE entered into an agreement with CIN-LAN to perform as an entertainer under an independent contractor arrangement and obtained CIN-LAN's consent to the parties' agreements through misrepresentation and thereby obtained the financial and other benefits of working as an independent contractor as opposed to becoming an employee of CIN-LAN.

48.   At the time she entered the agreement with CIN-LAN, and at all times during which she performed at CIN-LAN's business through in or about June of 2008, DOE promised to perform her obligations under the parties' agreements and represented, expressly and through omissions, that she intended and desired to perform (and did perform) under the parties'

agreements as an independent contract entertainer, as further described above, which representations were central and material components of the parties' business relationship.

49.    DOE's representations were actually false, or were made recklessly without regard for the truth, in that DOE had no intent to perform or honor those obligations, but rather intended to seek the benefits of employee status contrary to her representations and omissions.

50.    DOE's misrepresentations and omissions deceived CIN-LAN and induced CIN-LAN into entering into the agreements, which inured to DOE's benefit by allowing DOE to perform under the agreements and to thereby obtain the financial and other benefits of the agreed-upon terms of the independent contractor relationship and to avoid other duties and financial arrangements to which CIN-LAN would have been entitled under an employer-employee relationship.

51.    As a direct and proximate result of the material misrepresentations and omissions by DOE, and CIN-LAN's reasonable reliance thereon, CIN-LAN has suffered monetary damages.

52.    CIN-LAN is entitled to an award of general and special damages against DOE, in an amount that will be established by the proofs.

## COUNT IV

## UNJUST ENRICHMENT AND QUANTUM MERUIT

53.    CIN-LAN incorporates herein paragraphs 1-52, inclusive.

54.    If DOE is successful in her claim that she should have been classified as an "employee," DOE will be unjustly enriched by receiving both wages and other accouterments of employment while at the same time retaining the substantial amounts of dance fees retained by DOE (upwards of $75.00 per hour) under the parties' agreements, in addition to non-monetary benefits associated with her status as an independent contractor rather than as an employee.

55.    DOE obtained CIN-LAN's consent to the parties' agreements through misrepresentation and thereby obtained the financial and other benefits of working as an independent contractor as opposed to becoming an employee of CIN-LAN.

45

56.     If DOE prevails in her claims, she will obtain the full benefit of using CIN-LAN's facilities, personnel, advertising, good-will, and all other assets of CIN-LAN to generate revenue and will simultaneously retain all such revenue, including dance fees and dance tips, generated from her performances along with wage and other employee benefits, while CIN-LAN will retain no benefit from DOE's use of CIN-LAN's assets and labor, and will thus be unjustly enriched by her actions.

57.     As a direct and proximate result of the conduct of DOE, CIN-LAN has suffered monetary damages.

58.     CIN-LAN is entitled to an award of all dance fees retained by DOE as a result of her performing at the business of CIN-LAN as against any award of wages or other accouterments of employment to which DOE is ever found to be entitled.

## COUNT V

## PROMISSORY ESTOPPEL

59.     CIN-LAN incorporates herein paragraphs 1-58, inclusive.

60.     CIN-LAN entered into the agreements with DOE based upon DOE'S definite and clear representations, promises, and actions that confirmed she wished to maintain an independent contractor relationship, and that she did not wish to be paid an hourly wage, which communicated her disavowal of any employer-employee relationship through both her words and actions.

61.     In making such promises, DOE should reasonably have expected CIN-LAN to rely upon the representations, promises, and actions and expected that CIN-LAN would enter into the independent contractor arrangement with her as a result of her promises and to thereafter provide to DOE the financial and other benefits of working as an independent contractor.

62.     CIN-LAN relied upon DOE's representations, promises, and actions and thereafter provided to DOE the financial and other benefits of working as an independent contractor and did not require DOE to undertake any of the duties, restrictions, or financial conditions associated with an employer-employee relationship, where the employee is paid an hourly wage.

46

63.    If DOE prevails in her affirmative claims, she will obtain the full benefit of using CIN-LAN's facilities, personnel, advertising, good-will, and all other assets of CIN-LAN to generate revenue and will simultaneously retain all such revenue, including dance fees and dance tips, generated from her performances along with wage and other employee benefits, while CIN-LAN will retain no benefit from DOE's use of CIN-LAN's assets and labor; all of which will result in an injustice resulting from CIN-LAN's reasonable reliance on DOE's definite and clear promises.

64.    As a direct and proximate result of the false promises by DOE, CIN-LAN has suffered monetary damages.

65.    As a result of DOE's representations, promises, actions, the specific circumstances as alleged, and CIN-LAN's reasonable and foreseeable reliance, DOE should be estopped from obtaining any relief, including an award of wages or other accouterments of employment, arising out or her promise to maintain an independent contractor relationship with CIN-LAN or relief arising out of related promises.

66.    Alternatively, CIN-LAN is entitled to an award of all dance fees retained by DOE as a result of her false promises and CIN-LAN's reliance in permitting her to perform at its business as against any award of wages or other accouterments of employment to which DOE may ever found to be entitled.

<div align="center">

**COUNT VI**

**ACCOUNTING**

</div>

67.    CIN-LAN incorporates herein paragraphs 1-66, inclusive.

68.    As a result of the parties agreements by which DOE performed as an independent contract entertainer, DOE obtained control over dance fees belonging in whole or in part to CIN-LAN; DOE also obtained control over an unspecified amount of dance tips.

69.    The determination of what is due to CIN-LAN, in light of the claims above, necessarily involves difficult inquiries into financial information regarding DOE's actual receipt of both dance fees, dance tips, and any other compensation or benefits she received as a result of

her performances at CIN-LAN, which is in the possession of DOE and is not in the possession of CIN-LAN.

70.    Even with the opportunity to engage in liberal discovery, CIN-LAN cannot reasonably be expected to ascertain complete financial information that was in the sole possession of DOE, that was likely not recorded by DOE, and involved approximately a one-year period, and that would require substantial re-creation of events of such a nature that it would be too complex to unravel through a series of interrogatories or through a thorough examination of DOE's memory during a deposition.

71.    A jury would likewise be incapable of re-creating the financial records of DOE under the circumstances outlined above and to thereafter come to a just conclusion as to the actual financial and other benefits DOE received through her performances at CIN-LAN.

72.    CIN-LAN's request for such equitable relief is within this Court's jurisdiction pursuant to Federal Rule of Civil Procedure 13(a).

73.    For the reasons above, CIN-LAN is entitled to an accounting of all dance fees, dance tips, and any other compensation or benefits she received as a result of her performances at CIN-LAN.

## COUNT VII

## DECLATORY JUDGMENT

74.    CIN-LAN incorporates herein paragraphs 1-73, inclusive.

75.    As a result of the parties' agreements by which DOE performed as an independent contract entertainer and received benefits and compensation as an independent contractor in conjunction with DOE's present claims that she is simultaneously entitled to the benefits, compensation, and treatment as an employee of CIN-LAN, a substantial and live controversy exists as to the true owner of various dance fees, dance tips, and other revenue generated by DOE's performances at CIN-LAN.

76.    CIN-LAN's interests in resolving the ownership of the dance fees, dance tips, and other revenue are materially adverse to DOE's interests in that DOE claims ownership to all

dance fees, dance tips, and other revenue, leaving no compensation or other benefit to CIN-LAN for allowing DOE to perform at its business and providing facilities and support personnel necessary for DOE to engage in profitable dance performances.

77.    To the extent that DOE prevails in any of her claims to be adjudicated an "employee" of CIN-LAN, the issue of the true owner of the dance fees, dance tips, and other revenue is an issue of immediate concern to the parties.

78.    In light of the foregoing, and pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, CIN-LAN requests a declaratory judgment of this Court identifying, as the proofs will establish, that CIN-LAN is the true owner of all dance fees and other revenue, aside from *bona fide* dance tips, generated by DOE's performances at CIN-LAN.

## PRAYER FOR RELIEF

Wherefore, CIN-LAN prays for Judgment against DOE as follows:

1.    For an accounting of dance fees dance tips, and any other compensation or benefits retained by DOE under the terms of the parties' agreements;

2.    For restitution, including a return of dance fees, or set off of dance fees retained by DOE as against any award of wages or other accouterments of employment to which DOE is ever found entitled;

3.    For damages as determined to be just and equitable;

4.    For declaratory judgment as discussed above;

5.    For costs of suit;

6.    For interest;

7.    For attorney fees; and

For such other relief as the Court may deem just and proper.

Respectfully submitted,

HERTZ SCHRAM PC

By:      /s/Walter J. Piszczatowski____
         Walter J. Piszczatowski (P27158)
         Attorney for Defendant, Cin-Lan, Inc.
         1760 S. Telegraph Rd., Suite 300
         Bloomfield Hills, Michigan 48302
         Tel.:  (248) 335-5000
         Fax:  (248) 335-3346
Dated:  February 2, 2009            Email: wallyp@hertzschram.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Edith A. Thomas, Jason J. Thompson, Kevin J. Stoops, and Hart L. Robinovitch.

HERTZ SCHRAM PC
s/ Walter J. Piszczatowski (P27158)
Attorney for Defendant CIN-LAN, INC.
1760 S. Telegraph Rd., Ste. 300
Bloomfield Hills, MI 48302-0183
(248) 335-5000
(248) 335-3346 (fax)
Dated:  February 2, 2009            wallyp@hertzschram.com

S:\Steiniger, Valerie\Wjp\Cin-Lan\Answer to Am Complaint, Cin-Lan.Aff Def.Counter Claim.doc