UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated, | Case No. 08-12719 |
| | Stephen J. Murphy, III |
| Plaintiff, | United States District Judge |
| vs. | |
| | Michael Hluchaniuk |
| CIN-LAN, INC., and, DÉJÀ VU CONSULTING, INC. | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER ON DEFENDANTS' MOTION TO STRIKE
PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT (Dkt. 51)**

**I.     PROCEDURAL HISTORY**

The present amended complaint was filed by plaintiff, Jane Doe, on behalf of herself and the plaintiff class, against defendants, Cin-Lan, Inc., Déjà Vu Consulting, Inc., and Harry v. Mohney ("defendants"), on November 11, 2008. (Dkt. 38). In the amended complaint, plaintiff seeks damages, backpay, restitution, liquidated damages, civil penalties, prejudgment interest, and any other relief that the Court deems just and reasonable in the circumstances against defendants based on allegations that defendants: (1) violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (FLSA); (2) violated the Michigan Minimum Wage Law of

1

1964, Mich. Comp. Laws § 408.381 *et. seq.* (MWL); (3) engaged in the unlawful collection of tips/gratuities in violation of FLSA; (4) failed to maintain proper employment records for plaintiff and others similarly situated, in violation of FLSA and MWL; and (5) violated anti-retaliation laws.  (Dkt. 38).  On January 30, 2009, defendants filed a motion to strike certain paragraphs of the amended complaint.  (Dkt. 51).

On February 19, 2009, District Judge Stephen J. Murphy, III referred defendants' motion to strike to the undersigned for hearing and decision.  (Dkt. 62).  Judge Murphy extended the time for plaintiff to respond to the motion to strike to April 7, 2009.  (Dkt. 67).  A response was filed on April 7, 2009 and reply was filed on April 21, 2009.  (Dkt. 69, 71).  Pursuant to order, the parties submitted a joint statement of resolved and unresolved issues on April 24, 2009.  (Dkt. 72). The undersigned held a hearing on defendants' motion to strike on April 29, 2009. The parties were permitted to file supplemental briefs within seven days of the hearing regarding whether any further procedural steps need be taken after entry of this order, but declined to do so.

## II.   DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 12(f) provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Courts disfavor motions to strike because they "propose[ ] a drastic remedy." *Wrench LLC v. Taco Bell Corp.*, 36 F.Supp.2d 787, 789 (W.D. Mich. 1998), quoting, *Resolution Trust Corp. v. Vanderweele*, 833 F.Supp. 1383, 1387 (N.D. Ind. 1993). However, a court has "liberal discretion" to strike such filings as it deems appropriate under Rule 12(f). *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000); 2 Moore's Federal Practice § 12.37 (3d ed. 2002). For example, a motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation. *Id.*, citing, *Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991) (striking references to defendant's criminal conviction and income level). A motion to strike should also be granted where the requested relief is unavailable. *Id.*, citing, *Brokke v. Stauffer Chem. Co.*, 703 F.Supp. 215, 222-23 (D. Conn. 1988) (striking plaintiff's request for punitive damages under Employee Retirement Income Security Act of 1974). A motion to strike is a drastic remedy that should be used

sparingly and only when the purposes of justice require. *Driving School Assoc. of Ohio v. Shipley*, 2006 WL 2667017, *1 (N.D. Ohio 2006), citing, *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

B.  Analysis and Conclusions

Defendants moved to strike four paragraphs (paragraphs 17 and 24-26)[1] of plaintiff's complaint, contending they are impermissibly pleaded because they are redundant, immaterial, impertinent or scandalous, based on the citation to Wikipedia, newspaper articles, 15-year-old lawsuits and a 20-year-old tax conviction. Plaintiff opposes the motion contending that the complained of paragraphs are well-pleaded and relevant to the issue of: (1) whether defendants are "joint employers" under the Fair Labor Standards Act; and (2) class definition and certification.

According to plaintiff, paragraph 17 describes defendant Mohney's role as owner/controlling person of the Déjà Vu enterprise as well as provide important background for plaintiff's assertions that the Déjà Vu nightclubs have over the years been operated as an enterprise. Plaintiff does not contend Wikipedia article is "evidence," but rather, plaintiff alleged that all facts stated in the article, as

---

[1] Defendants also moved to strike paragraph 14 of the amended complaint, but this issue was resolved before the hearing.

4

quoted in paragraph 17, were true. The Court finds that the reference to Wikipedia, while perhaps not the best pleading style, is mostly just surplusage. The Court finds, however, that the references in paragraph 17 to the large-scale distribution of pornography and Larry Flynt, are contrary to the limits of Rule 12(f). Thus, the following sentence in paragraph 17 – "At the time, his main business was the large-scale distribution of pornography; beginning in 1991 he served three years in prison for tax evasion" – is stricken. Similarly, the following portion of paragraph 17, which includes references to Larry Flynt, is also stricken:

> The strip clubs are called "Déjà Vu Showgirls" or
> "Dream Girls" or (by agreement with Mohney's
> long-time friend Larry Flynt, who is not involved in the
> management of the clubs) "Larry Flynt's Hustler Club."
> Déjà Vu also owns most of the adult theatres and clubs in
> San Francisco; these however carry different names.

The Court further orders that the following sentence in paragraph 17, which is wholly unrelated to any claims in this case, be stricken: "Repeated attempts to unionize the Déjà Vu-owned clubs in San Francisco (modeled on the earlier unionization of the Lusty Lady peep show there) have so far been unsuccessful."

    According to plaintiff, paragraphs 24-26 contain detailed and supportive allegations that describe plaintiff's allegation as to defendant Mohney's scheme to conceal his involvement controlling the Michigan Déjà Vu clubs. Plaintiff argues

that merely because she has cited specific instances and evidence that support her contention, her allegation is not somehow weakened. Rather, it strengthens the allegations that defendants have engaged in certain practices and tactics to obfuscate and conceal defendant's Mohney's role in managing, directing and controlling the business operations of the Michigan Déjà Vu Nightclubs. The Court agrees with plaintiff and concludes that merely because a case is 20 years old does not somehow take that information away from plaintiff and the information is supportive of plaintiff's theory of how defendants' scheme operated. The Court cannot conclude that this paragraph crosses the line of Rule 12(f). Thus, the Court declines to strike paragraph 24.

Paragraph 25 refers to an indictment and bill of particulars against defendant Mohney from 1984. Has this been worded differently, for example, included an allegation that defendant Mohney pleaded guilty to a particular charge, it would pass muster under Rule 12(f). However, as written, the Court finds references to a mere indictment and bill of particulars inappropriate and orders paragraph 25 stricken.

Paragraph 26 recounts, from a newspaper article, the deposition testimony of a former business associate of defendant Mohney. While this allegation may stretch the limit of pleading, it does not cross the line because it is arguably related

to plaintiff's claims and theories in this case. Allowing plaintiff some latitude in the form of pleading, the Court finds that this does not cross the line of Rule 12(f) and declines to strikes paragraph 26.

Based on the foregoing, defendants' motion to strike is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date:  May 29, 2009                           s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

**CERTIFICATE OF SERVICE**

     I certify that on May 29, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to the following attorneys: Timothy J. Becker, Walter J. Piszczatowski, Hart L. Robinovitch, Kevin J. Stoops, Edith A. Thomas, and Jason J. Thompson.

                                        s/James P. Peltier
                                        James P. Peltier
                                        Courtroom Deputy Clerk
                                        U.S. District Court
                                        600 Church Street
                                        Flint, MI 48502
                                        810-341-7850
                                        pete_peltier@mied.uscourts.gov