UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

       Plaintiff,                      Case No. 08-12719

vs.                                      Stephen J. Murphy III
                                          United States District Judge

CIN-LAN, INC., et al,

                                          Michael Hluchaniuk
       Defendants.             United States Magistrate Judge
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' DEJA VU CONSULTING, INC.'S AND HARRY V.
MOHNEY'S MOTION FOR PROTECTIVE ORDER (Dkt. 86)**

This matter having come before the Court by way of Defendants' Déjà Vu Consulting, Inc.'s and Harry V. Mohney's (collectively, "Defendants") Motion for a Protective Order and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that, for the reasons more fully set forth on the record during the telephonic hearing on September 8, 2009, the Court DENIES the Motion for a Protective Order, in part, and GRANTS the Motion for a Protective Order, in part, as follows:

    1.    With respect to Plaintiff's discovery requests pertaining to Defendants' relationships and dealings with non-party entities such as Modern Bookkeeping, MIC Ltd., International Amusements, Imagination Corp., Dynamic

Industries, Non-Party Trusts (Durand Trusts, Jason Cash Mohney Trust), and the non-Lansing Michigan Déjà Vu Nightclubs:

      a.    Defendants' Motion for Protective Order is DENIED as to documents and other information in Defendants' possession, custody or control and as to documents or other information transferred by Defendants to any third party for the purposes of avoidance of discovery;

      b.    Defendants' Motion for Protective Order is GRANTED as to documents that were originated by and are exclusively in the control of the non-Lansing Michigan Déjà Vu Nightclubs.  Plaintiff, however, may direct third party discovery to any non-Lansing Déjà Vu Nightclub pursuant to applicable Federal Rules of Civil Procedure to obtain those documents;

    2.    Defendants' Motion for Protective Order with regard to the temporal scope of discovery is GRANTED, in part and DENIED in part.   A protective order is entered prohibiting the discovery of documents created, received, sent or otherwise maintained at any time prior to three years from the date the initial Complaint was filed (the "Relevant Time Period"). This protective order does not apply to documents created, received, sent or otherwise maintained prior to the Relevant Time Period if those documents relate to any relevant aspect of the business policies and practices employed by Defendants during the Relevant Time

Period.  For example, documents relating to business practices employed by Defendants in 2007, which were created or otherwise acquired by a Defendant in 2001, are still relevant and must be produced; and

      3.      Defendants' Motion for Protective Order with respect to the deposition of and documents in the custody, control or possession of Paulette Held is DENIED.  Plaintiff may direct third party discovery to Ms. Held by any means afforded under the Federal Rules of Civil Procedure.

      4.      Responsive documents that fall within the scope of this Order shall be produced by Defendants to Plaintiff no later than October 5, 2009.

      IT IS SO ORDERED.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: September 22, 2009              s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

 I hereby certify that on September 22, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification to the following attorneys: Timothy J. Becker, Kristin Beals Bellar, Paul W. Coughenour, Ronald A. King, Andrew Kochanowski, Walter J. Piszczatowski, Hart L. Robinovitch, Daniel W. Rucker, Kevin J. Stoops, Edith A. Thomas, and Jason J. Thompson.

            s/James P. Peltier
            James P. Peltier
            Courtroom Deputy Clerk
            U.S. District Court
            600 Church Street
            Flint, MI 48502
            810-341-7850
            pete_peltier@mied.uscourts.gov