# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JANE DOE**, individually, and on behalf of all others similarly situated,

        Plaintiff,

v.

**CIN-LAN, INC.;
DÉJÀ VU CONSULTING, INC.;** and
**HARRY V. MOHNEY,**

        Defendants.

Case No. 2:08-CV-12719

Honorable Stephen J. Murphy, III

Magistrate Judge Michael J. Hluchaniuk

**DEFENDANTS' JOINT MOTION  AND BRIEF TO STRIKE AND/OR FOR SUMMARY JUDGMENT ON PLAINTIFF'S COLLECTIVE AND CLASS CLAIMS AND/OR TO DISMISS**

SOMMERS SCHWARTZ, P.C.
BY:  Jason J. Thompson (P47184)
     Kevin J. Stoops (P64371)
     Andrew Kochanowski (P55117)
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: (248) 355-0300
Facsimile: (248) 936-2143
E-mail: jthompson@sommerspc.com
     kjstoops@sommerspc.com
     akochanowski@sommerspc.com

ZIMMERMAN REED, P.L.L.C.
BY:  Timothy J. Becker (MN BAR 256663)
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400
Facsimile:  (612) 341-0844
E-mail: timothy.becker@zimmermanreed.com

ZIMMERMAN REED, P.L.L.P.
BY: Hart L. Robinovitch (AZ BAR 020910)
14646 N. Kierland Blvd., Suite 145
Scottsdale, AZ 85254
Telephone: (480) 348-6400
Facsimile: (480) 348-6415
E-Mail: hart.robinovitch@zimmermanreed.com

*Attorneys for Plaintiff*

HERTZ SCHRAM, P.C.
BY:  Walter J. Piszczatowski (P27158)
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Telephone: (248) 335-500
Facsimile:  (248) 335-3346
E-Mail: wallyp@hertzschram.com

*Attorneys for Defendant Cin-Lan, Inc.*

LAW OFFICES OF EDITH A. THOMAS
BY:  Edith A. Thomas (P41172)
214 North Ridge Drive, Suite B
Fallbrook, CA  92028
Telephone: (888) 349-3940
Facsimile: (760) 728-9518
E-mail: edithomas1@aol.com

*Attorney for Defs Déjà Vu Consulting and Mohney*

JACKSON | LEWIS LLP
BY:  Allan S. Rubin (P44420)
2000 Town Center, Suite 1650
Southfield, MI 48075
Telephone: (248) 936-1900
Facsimile:  (248) 936-1901
E-Mail: rubina@jacksonlewis.com

*Co-Counsel for Def Cin-Lan, Inc.*

CLARK HILL, PLC
BY: Paul W. Coughenour (P34335)
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Telephone: (313) 965-8300
Facsimile:  (313) 965-8252
E-Mail: pcoughenour@clarkhill.com

*Attorneys for Defendant Déjà Vu Consulting, Inc.*

## <u>DEFENDANTS' MOTION TO STRIKE AND/OR FOR SUMMARY JUDGMENT ON PLAINTIFF'S COLLECTIVE AND CLASS CLAIMS AND/OR TO DISMISS</u>

Defendants Cin-Lan, Inc., Déjà Vu Consulting, Inc. and Harry V. Mohney, by and through their respective attorneys of record, hereby move the Court for an order to strike Plaintiff's class definition and grant Defendants partial summary judgment on Plaintiff's collective and class claims or, alternatively, to dismiss Plaintiff's state law class claims, and in support state:

1.    Plaintiff's Amended Complaint ("AC") is brought individually and as a purported class action under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* ("FLSA") and the Michigan Minimum Wage Law ("MWL"), MCL § 408.381 *et seq.* [AC, ¶¶ 2-3, 11, 33-37, 46, 84-92].

2.    Plaintiff's AC names three Defendants, Cin-Lan, Inc. ("Cin-Lan"),  Déjà Vu Consulting, Inc. ("Consulting") and Harry V. Mohney ("Mohney).  Plaintiff claims Consulting and Mohney are "joint employers" with her purported direct employer, Cin-Lan.

3.    Plaintiff's AC purports to define a class which includes exotic dancers who performed at eight separately incorporated, non-party nightclubs (the so-called "Michigan Déjà Vu Nightclubs") at which Plaintiff admittedly never worked, never attempted to work, and against whom she has no cause of action.  [AC ¶¶ 14, 85]

4.    Plaintiff lacks Article III standing to maintain a class action against nightclubs at which she did not work and against whom she has no claim and her "joint employer" allegations against Consulting and Mohney do not remedy that defect.

5.    The MWL does not apply where, as here, the Plaintiff's minimum wage claims are governed by the FLSA.

1

6.      Plaintiff's purported class action claim under the Michigan MWL also must be dismissed, as a matter of law, since the MWL does not permit a class claim to be brought by a private plaintiff, but only by the Commissioner.  MCL § 408.393(1), (2).

7.      Even if the MWL permitted Plaintiff to seek class relief (which it does not), this Court must decline jurisdiction over Plaintiff's MWL class claims where jurisdiction over those claims is based upon the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) ("CAFA"). [AC, ¶ 3]

8.      Under the "home-state controversy" exception to the CAFA, since two-thirds or more of the members of Plaintiff's proposed class and the primary defendants are citizens of Michigan, this Court is required to decline jurisdiction over Plaintiff's MWL class claims.   28 U.S.C. §1332(d) (4)(B).  [See, attached Affidavits of Karen E. Gay (Exhibit K); Angela Bates De Gongora (Exhibit L); Tom Sime (Exhibit M); William Morris (Exhibit N); George G. Couch (Exhibit O); Aaron Davidson (Exhibit P); Traci Wilson (Exhibit Q); Laurie Bowers (Exhibit R)]

9.      This Court also is required to decline jurisdiction over Plaintiff's MWL class claims under the "local controversy" exception to CAFA, since a) two-thirds or more of the members of Plaintiff's proposed class are citizens of Michigan, b) there are two defendants, Cin-Lan and Consulting, from whom significant relief is sought and whose alleged conduct forms a significant basis for Plaintiff's proposed class claims who are citizens of Michigan, c) the alleged injuries suffered or the alleged conduct occurred in Michigan, and d) during the 3-year period preceding the filing of the class action no other class action has been filed asserting the same or similar factual allegations against any of the Defendants. 28 U.S.C. §1332(d) (4)(A).

10.      Assuming *arguendo* this Court is not required to dismiss or decline jurisdiction over Plaintiff's MWL class claims under the CAFA, this Court should decline to exercise

jurisdiction under CAFA since the opt-out procedure applicable to that claim under Fed. R. Civ. P. 23 is inherently incompatible with the opt-in mechanism mandated by the FLSA.   Judge Gadola previously declined to exercise supplemental jurisdiction over Plaintiff's MWL class claims because litigating both federal and state law claims "often dominates and prolongs pretrial practice, complicates the trial, lengthens the jury instructions, confuses the jury, results in inconsistent verdicts, and causes post-trial problems with respect to judgment interest and attorney fees," concluding "[s]uch is the case here." [Doc. 11, J. Gadola Op. of 07/08/2008, p. 4].

WHEREFORE, for the foregoing reasons and as more fully set forth in Defendants' Brief In Support Of Motion To Strike And/Or For Summary Judgment On Plaintiff's Collective And Class Claims And/Or To Dismiss, Defendants respectfully request that this Honorable Court strike Plaintiff's purported class definition which includes dancers from non-party nightclubs at which she never performed and strike and/or grant summary judgment as to Plaintiff's collective and class claims or, alternatively, dismiss Plaintiff's MWL class claims or decline to exercise jurisdiction over same.

Respectfully submitted,

Clark Hill, PLC
/s/Paul W. Coughenour
Paul W. Coughenour (P34335)
Attorneys for Defendant Déjà Vu Consulting, Inc.
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Tel: (313) 965-8300
Facsimile:  (313) 965-8252
Email: pcoughenour@clarkhill.com

3

Law Offices of Edith A. Thomas
/s/ Edith A. Thomas
Edith A. Thomas (P41172)
Attorney for Defendants Harry V. Mohney
and Déjà Vu Consulting, Inc.
214 North Ridge Drive, Suite B
Fallbrook, CA 92028
Telephone: (888) 349-3940
Facsimile: (760) 728-9518
edithomas1@aol.com

Hertz Schram, P.C.
/s/ Walter J. Piszczatowski
Walter J. Piszczatowski (P27158)
Attorneys for Defendant Cin-Lan, Inc.
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
Telephone: (248) 335-500
Facsimile: (248) 335-3346
E-Mail: wallyp@hertzschram.com

Jackson ¦ Lewis LLP
/s/Allan S. Rubin
Allan S. Rubin (P44420)
Co-Counsel for Defendant Cin-Lan, Inc.
2000 Town Center, Suite 1650
Southfield, MI 48075
Telephone: (248) 936-1900
Facsimile: (248) 936-1901
E-Mail: rubina@jacksonlewis.com

DATED:  January 29, 2010

6287604.1 33004/130338

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JANE DOE**, individually, and on behalf of all
others similarly situated,

        Plaintiff,

v.

**CIN-LAN, INC.;**
**DÉJÀ VU CONSULTING, INC.**; and
**HARRY V. MOHNEY,**

        Defendants.

Case No. 2:08-CV-12719

Honorable Stephen J. Murphy, III

Magistrate Judge Michael J. Hluchaniuk

---

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STRIKE AND/OR FOR SUMMARY JUDGMENT ON PLAINTIFF'S COLLECTIVE AND CLASS CLAIMS AND/OR TO DISMISS

## TABLE OF CONTENTS

Index Of Authorities ..................................................................................................... iii

Statement Of Questions Presented ................................................................................. v

Controlling Or Most Appropriate Authority .................................................................. iv

I.      Introduction ........................................................................................................ 1

II.     Statement Of Facts ............................................................................................. 2

III.    Law And Argument ............................................................................................ 4

        A.      Plaintiff Lacks Article III Standing To Maintain A Class Action Including
                Exotic Dancers From Non-Party, Separately Incorporated Nightclubs At
                Which She Never Worked or Attempted To Work, And As To Which She
                Has No Cause Of Action .......................................................................... 4

        B.      The MWL Does Not Apply Where Plaintiff's Minimum Wage Claim Is
                Governed By The FLSA ........................................................................... 10

        C.      Plaintiff Cannot Maintain A Class Action Under The Michigan Minimum
                Wage Law. ............................................................................................... 11

        D.      This Court Must Decline Jurisdiction Of Plaintiff's MWL Class Claims Under
                The "Home-State Controversy" Or The "Local Controversy" Exceptions To
                CAFA Jurisdiction .................................................................................. 14

        E.      Plaintiff Cannot Maintain An Opt-Out Class Action Under Rule 23 For Her
                Claims Under The Michigan Minimum Wage Law, Since The Opt-Out
                Mechanism Of Rule 23 Is Inherently Irreconcilable With The Opt-In
                Mechanism Required Under The FLSA ..................................................... 17

IV.     Conclusion ........................................................................................................ 20

## INDEX OF AUTHORITIES

**Cases**

*Allee v. Medrano*, 416 U.S. 802, 828-829 (1974)..........................................................................5

*Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962)............................................................................5

*Baltimore Football Club v. Sup.Ct. (Ramco, Inc.)*, 171 Cal.App.3d 352, 358-359 (1985)............5

*Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2008 U.S. Dist. LEXIS 44469, at *6-10, 2008
WL 2357735 (W.D. Pa.  2008)...................................................................................................19

*Clark v. McDonald's Corp.* 213 F.R.D 198, 204 (D.N.J.2003)......................................................9

*Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006)............................................18

*De Asencio v Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003).....................................................18

*Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d. Cir. 2006)..................................................9

*Ellis v. Edward Jones & Co.*, 527 F. Supp. 2d 439, 448 (W.D. Pa. 2007)...................................19

*Escoe v. State Farm Fire & Cas. Co.*, 2007 U.S. Dist. LEXIS 30088, 2007 WL 1207231 (E.D.
La. Apr. 23, 2007).....................................................................................................................16

*Fieger v. Mich. Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009) ..............................................5

*Fluor Enterprises, Inc v. Dep't of Treasury*, 477 Mich. 170, 174, 730 N.W.2d 722 (2007)........12

*Harrington v. Mattel*, 2007 U.S. Dist. LEXIS 95401, 2007 WL 4556920 (N.D. Cal. Dec. 20,
2007)........................................................................................................................................14

*Hipp v. Liberty Nat'l Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001) .......................18

*Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 173, 110 S. Ct. 482, 107 L. Ed. 2d 480
(1989).......................................................................................................................................18

*Kearns v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, 2005 WL 3967998 (C.D. Cal. Nov.
21, 2005)...................................................................................................................................16

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975) .......................................18

*Levy v. Medical Services Ass'n*, 1992 U.S. Dist. LEXIS 11316 (F.D.Pa. 1992)............................5

*Lusardi v. Lechner*, 855 F.2d 1062, 1068 n.8 (3rd Cir. 1988)......................................................18

*Malcolm v. East Detroit*, 437 Mich. 132, 138 (1991 ...................................................................12

*Nastal v. Henderson & Assoc. Investigations, Inc.*, 471 Mich. 712, 720, 691 N.W.2d 1 (2005). 12

*Passa v. Derderian*, 308 F. Supp. 2d 43, 62-63 (D.R.I. 2004) .....................................................14

*Payton v. County of Kane*, 308 F3d 673, 682 (7th Cir. 2002) ........................................................5

*Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002) ..............................5

*Rowland v. Washtenaw Co. Rd. Comm.*, 477 Mich. 197, 219, 731 N.W.2d 41 (2007)................12

*South Haven v. Van Buren Co. Bd. of Comm'rs*, 734 N.W.2d 533, 539, (Mich. 2007)...............13

*Thompson v. Board of Educ.*, 709 F.2d 1200, 1204 (6th Cir. 1983)...............................................4

*United Parcel Service, Inc v. Bureau of Safety & Regulation*, 277 Mich. App. 192, 202; 745
N.W.2d 125 (2007) ...................................................................................................................12

*Veenstra v. Washtenaw Country Club*, 466 Mich. 155, 160, 645 N.W.2d 643 (2002) ................12

*Walen v. Dep't of Corrections*, 443 Mich. 240, 248, 505 N.W.2d 519 (1993) ............................12

**Rules**

Fed. R. Civ. Pro. 23....................................................................................................................14

**Statutes**

6287604.1 33004/130338

28 U.S.C. § 1332(d)(4) .................................................................................................... 14, 15
28 U.S.C. § 1332(d)(4)(B) ................................................................................................ 14
29 U.S.C. § 201 .............................................................................................................. 2

6287604.1 33004/130338

## STATEMENT OF QUESTIONS PRESENTED

1.     Whether Plaintiff has Article III standing to maintain a class action against non-party nightclubs (the so-called "Michigan Déjà Vu Nightclubs") at which she never worked, never attempted to work, and against whom Plaintiff has no cause of action.

2.     Whether Plaintiff can maintain an action under the Michigan Minimum Wage Law ("MWL") where application of the Fair Labor Standards Act will not result in a lower minimum wage than the MWL?

3.     Whether Plaintiff can maintain a class action for her Michigan MWL claims where a Rule 23 class action is not authorized for private plaintiffs under the MWL, but only for the Commissioner?

4.     Whether this Court must decline to exercise jurisdiction over Plaintiff's MWL class claims under the "home-state" or "local controversy" exceptions to the CAFA?

5.     Whether Plaintiff can maintain a Fed. R. Civ. P. Rule 23 class action when the Rule 23 class action opt-out mechanism is fundamentally incompatible with the opt-in collective action provisions of 29 U.S.C. § 216(b) that Congress purposefully designed to eliminate class actions under the Fair Labor Standards Act?

6287604.1 33004/130338

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Alexander v. Perfection Bakeries, Inc.*, 267 Mich. App. 161, 165-166, 705 N.W.2d 31 (2005)

*Baltimore Football Club v. Sup.Ct. (Ramco, Inc.)*, 171 Cal.App.3d 352, 358-359 (1985)

*Thompson v. Board of Educ.*, 709 F.2d 1200 (6th Cir. 1983)

## I.    INTRODUCTION

Plaintiff performed as an exotic dancer entertainer at Cin-Lan, Inc. ("Cin-Lan"), which owns and operates a nightclub in Lansing, Michigan which is authorized to use the registered trade name "Déjà Vu Showgirls". Plaintiff has named Cin Lan, as well as Déjà Vu Consulting, Inc. ("Consulting") and Harry V. Mohney ("Mohney") as "joint employers". Plaintiff alleges that she and other dancers at Cin-Lan were misclassified as independent contractors, not employees, under the Fair Labor Standards Act ("FLSA") and the Michigan Minimum Wage Law ("MWL"). Plaintiff asserts jurisdiction exists for her MWL claim under the Class Action Fairness Act ("CAFA").

Plaintiff's "Class Allegations" in her Amended Complaint avoid reference to 29 U.S.C. § 216(b), the FLSA relief mechanism designed by Congress specifically to preclude class treatment of FLSA claims. Instead, Plaintiff's "Class Allegations" seek class treatment under Fed. R. Civ. P. Rule 23. However, Rule 23 is not available for FLSA collective actions, and could only apply, if at all, to Plaintiff's class claims under the Michigan MWL. Plaintiff's class claims, however, are subject to being stricken and/or subject to dismissal for several reasons, both substantive and jurisdictional.

First, Plaintiff has no standing under Article III of the Constitution to seek relief as to non-party nightclubs with whom she never had a relationship, and she cannot establish standing against these nightclubs through the back door of a class action. Second, the MWL does not apply where, as here, the Plaintiff's minimum wage claim is governed by the FLSA. Third, the MWL does not permit a class action claim to be pursued by an individual, but only by the Commissioner. Fourth, this Court is required to decline jurisdiction over Plaintiff's MWL class claims under the CAFA based upon the "home-state" and "local controversy" exceptions.

1

Finally, even if this Plaintiff could proceed on her state law class claims and this Court was not required to decline jurisdiction, the "opt-out" mechanism set forth by Rule 23 is, as previously ruled by Judge Gadola, fundamentally incompatible with the "opt-in" mechanism Congress mandated for FLSA claims, and both claims cannot proceed simultaneously in the same case.

For these reasons, Defendants respectfully request that this Honorable Count strike Plaintiff's purported class definition to the extent it includes dancers at nightclubs at which Plaintiff never performed, and strike and/or enter summary judgment in Defendants favor on and/or dismiss Plaintiff's Class Allegations under the MWL.

## II.    STATEMENT OF FACTS

Jane Doe is the sole named Plaintiff in this case.  She brought this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Michigan Minimum Wage Law ("MWL"), MCL § 408.381, *et seq.* against three Defendants.  Defendant Cin-Lan is a corporation in good standing which operates a nightclub in Lansing, Michigan under the licensed trade name "Déjà Vu Showgirls," a nightclub at which Plaintiff performed as an exotic dancer. [AC, ¶¶ 12-14]  Plaintiff also named as a defendant Consulting, the "Déjà Vu Showgirls" trademark owner, and Harry V. Mohney, a Nevada resident, an indirect absentee owner of Cin-Lan and an employee of Consulting.  [AC, ¶¶ 13-16]   Plaintiff alleges that Consulting and Mohney own, manage and/or control the operations and employment policies at Cin-Lan and as such were her "joint employers"[1].  [Id.]  Plaintiff named no other defendants, and does not allege that she worked as a dancer at any Déjà Vu nightclub other than Cin-Lan.

Nonetheless, Plaintiff includes in her class definition exotic dancers from eight *non-party* Michigan night clubs using the "Déjà Vu Showgirls" trademark owned by Consulting, in

---

[1] Whether Consulting or Mohney are "joint employers" is not an issue raised in this motion.  The focus of this motion is Plaintiff's attempt to bring a class action which includes exotic dancers from eight non-party nightclubs, which Plaintiff calls the "Michigan Déjà Vu Nightclubs", and her attempt to proceed under the MWL.

addition to the Déjà Vu club in Lansing owned by Cin-Lan. [AC, ¶¶ 14, 85]  Each of these night clubs is separately incorporated or organized.  [See, Exhibit A: *Articles of Incorporation* of Flint Theatrical Enterprises, Inc. and its *Certificate of Assumed Name* for Déjà Vu Showgirls; Exhibit B: *Articles of Incorporation* of K & P, Inc. and its *Certificate of Assumed Name* for Déjà Vu-Greektown; Exhibit C: *Articles of Organization* of Déja Vu – Highland Park, LLC and its *Certificate of Assumed Name* for Déjà Vu Showgirls; Exhibit D: *Articles of Organization* of D V Kalamazoo, LLC and its *Certificate of Assumed Name* for Little Darlings; Exhibit E: *Articles of Incorporation* of Cinema Theatre of Kalamazoo, Inc. and *Certificate of Assumed Name* of Déjà Vu Showgirls; Exhibit F: *Articles of Incorporation for Cin-Lan, Inc.* and its *Certificate of Assumed Name* for Déjà Vu Showgirls; Exhibit G: *Articles of Organization* of Love Boutique – Port Huron, LLC and its *Certificate of Assumed Name* for Déjà Vu Showgirls; Exhibit H: State of Nevada *Articles of Organization* of DV Saginaw, LCC, its *Certificate of Assumed Name* for Déjà Vu Showgirls, and its *Application for Certificate of Authority to Transact Business in Michigan*; Exhibit I: *Articles of Incorporation* for Ypsilanti Art Theatre Corp. and its *Certificate of Assumed Name* for Déjà Vu Showgirls].

Plaintiff has admitted that, except for Déjà Vu in Lansing, she has never worked or even attempted to work at any of these other eight nightclubs [Doe Dep at 91-94, 122, 137-138], which she collectively refers to as "the Michigan Déjà Vu Nightclubs." [AC, ¶¶ 14-16]  Further, Plaintiff does not allege that she had any economic dependence on the eight non-party Michigan nightclubs; does not allege that they share physical space, finances or employees; and does not name either the Deja Vu clubs or Little Darlings as defendants. [Id.]  Nevertheless, Plaintiff includes in her class definition *all dancers who worked at Cin-Lan **and** any other Michigan Déjà Vu club.* [AC, ¶¶ 14-16, 36-37, 85, 94].

3

As explained in detail below, Plaintiff lacks standing to include in her proposed class definition dancers from any nightclub other than the one Déjà Vu nightclub at which she actually performed. Moreover, each of the FLSA and MWL's remedial sections, which Plaintiff seeks to avoid, undermine her legal right to maintain her purported class action.

## III.   LAW AND ARGUMENT

### A.   PLAINTIFF LACKS ARTICLE III STANDING TO MAINTAIN A CLASS ACTION INCLUDING EXOTIC DANCERS FROM NON-PARTY, SEPARATELY INCORPORATED NIGHTCLUBS AS TO WHICH SHE NEVER WORKED OR ATTEMPTED TO WORK, AND TO WHICH SHE HAS NO CAUSE OF ACTION.

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing under Article III of the Constitution "is a prerequisite to bringing suit, and nothing in Fed. R. Civ. P. 23 alters this requirement." *Thompson v. Board of Educ.*, 709 F.2d 1200, 1204 (6th Cir. 1983). As recognized in *Thompson*, a class plaintiff, such as Jane Doe, "'cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.' This is true even though the plaintiff may have suffered an injury identical to that of the other parties he is representing." 709 F.2d at 1204. Further, the issue of standing is appropriate to address at this stage, prior to class certification. See, e.g., *Smith v. Lawyers Title Ins. Corp.*, 2009 U.S. Dist. LEXIS 16140 (E.D. Mich. 2009).

To satisfy the Constitution's standing requirement, a party must establish that: (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 962 (6th

4

Cir. 2009). In a proposed class action, it is the named plaintiff who must demonstrate that he/she has standing to pursue the claims alleged in the complaint. See *Rosen v. Tenn. Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002).

A class action may be maintained only against defendants as to whom the class representative has a cause of action and plaintiffs "cannot represent a class of whom they are not a part." *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962). As Chief Justice Burger noted in *Allee v. Medrano*, 416 U.S. 802, 828-829 (1974) (Burger, C.J. dissenting) "[s]tanding cannot be acquired through the back door of a class action." *Payton v. County of Kane*, 308 F3d 673, 682 (7th Cir. 2002); see, also, *Levy v. Medical Services Ass'n*, 1992 U.S. Dist. LEXIS 11316 (E. D. Pa. 1992) If the representative plaintiff has claims against some but not all of the named defendants, the action cannot be maintained as a class action against the other defendants. See, e.g., *Baltimore Football Club v. Sup. Ct. (Ramco, Inc.)*, 171 Cal.App.3d 352, 358-359 (1985) (class action filed against a football team by season ticket holders was not viable because there was no allegation that each plaintiff had purchased tickets from each team).

Plaintiff "may not use the procedural device of a class action to bootstrap [herself] into standing [she] lacks..." *Weiner v. Bank of King of Prussia*, 358 F.Supp. 684, 694 (E.D. Pa. 1973). Other courts have recognized this same principle. As held in *Miller v Pacific Shore Funding*, 224 F. Supp. 2d 977, 996 (D. Md. 2002): "In a multi-defendant action or class action, the named plaintiffs must establish that they have been harmed by each of the defendants." See, also, *Popoola v MD-Individual Practice Ass'n*, 230 F.R.D. 424 (D. Md. 2005).

Plaintiff here tries to avoid this requirement by failing to actually name the other Michigan Déjà Vu nightclubs as defendants, yet seeking a class consisting of dancers who danced at "any" of those clubs. [AC, ¶ 85] Plaintiff has only sued three Defendants, including

5

Cin-Lan, the only Déjà Vu nightclub at which she worked, and Déjà Vu Consulting, the entity that licensed Cin-Lan to use the Déjà Vu Showgirls trademark and which provides consulting services designed to protect its trade marks.[2]

Yet, in her proposed class definition, Plaintiff seeks to represent all exotic dancers who worked at eight separately incorporated, non-party nightclubs, which she refers to as the "Michigan Déjà Vu Nightclubs"[3]. Specifically, plaintiff has proposed that: "The Class to be certified is defined as follows: All individuals, who at any time during the relevant time period, worked as an exotic dancer at any of the Michigan Déjà Vu Nightclubs, but were designated as an independent contractor and therefore, not paid any minimum wages." [AC, ¶ 85]

Plaintiff has not amended her Complaint to name these non-party, separately incorporated nightclubs as defendants, but rather simply included their dancers in her proposed class definition. She does not allege that she worked at those clubs. In fact, she has testified that not only did she never work at any of those nightclubs, with a single exception she never visited them, never attempted to work at them, knows little about how they operate, and knows no one who worked there. [Doe Dep at 91-94, 122, 137-138]

Thus, Plaintiff seeks to include in her class dancers who never even worked at Cin-Lan. In effect, without alleging as such, Plaintiff seeks to obtain a defendant class consisting of all the Michigan Déjà Vu nightclubs. Jane Doe, the only named Plaintiff, has not been harmed by, for example, Déjà Vu Highland Park, Déjà Vu Saginaw, or Déjà Vu Ypsilanti, each separate corporations, yet she effectively seeks to bootstrap herself into maintaining a claim against those clubs. This violates the requirement of standing, and should not be permitted.

---

[2] Needing diversity for her CAFA action, Plaintiff later added Harry V. Mohney, a Las Vegas, Nevada resident and individual and indirect owner of Cin-Lan and employee of Consulting. Plaintiff claims Consulting and Mohney are her "joint employers".
[3] Plaintiff contends that Consulting and Mohney also control these clubs. [AC, ¶¶ 14 &16]

In *Popoola v MD-Individual Practice Ass'n*, 230 F.R.D. 424 (D. Md. 2005), the court rejected a similar effort in which plaintiffs claimed a "juridical link" existed between two separate defendants. The court explained that the juridical link doctrine "answers the question whether two defendants are sufficiently linked so that a plaintiff with a cause of action against only [one defendant] can also sue the other defendant under the guise of class certification," citing *In re Eaton Vance Corp. Secs. Litig.*, 220 F.R.D. 162, 165 (D. Mass. 2004). Similar to Plaintiff here, plaintiffs in *Popoola* asserted that because the two defendants were "common subsidiaries of the same corporation" and "share common practice and policies," they are related "in a manner that suggests a single resolution would be expeditious," citing *La Mar v H&B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973).

Noting that plaintiffs "advocate[d] a relaxation of Article III standing requirements," the court in *Popoola* determined the juridical link doctrine was inapplicable, and that "Article III standing...does not often bend to expediency and the Supreme Court has warned against such an approach," citing to *Eaton Vance*, 220 F.R.D. at 170. As a result, the court determined it would not permit plaintiff "to sue a defendant against whom she has no claim," and found that standing against that defendant did not exist. 230 F.R.D. at 432-433.

Plaintiff may claim that the decision in *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410 (6th Cir. 1998) supports her effort to represent dancers from clubs at which she did not dance, since the court allowed plaintiff there to represent participants in benefit plans other than his own. See, also, *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101 (5th Cir. 1993). Yet, *Fallick* did not involve an attempt to bootstrap a claim against one entity into a class claim involving numerous separate corporate entities. Plainly, this type of bootstrap effort is contrary to Article III's standing requirement, and should be prohibited.

7

Moreover, *Fallick* and *Forbush*, are ERISA cases, and both dealt with the common administration of identical plan language by one defendant. Indeed, in *Fallick*, the employer admitted it applied the same methodology which plaintiff challenged to all of the benefit plans plaintiff sought to include in his class. The court's holding in *Fallick* also made clear it was limited to ERISA cases: "once a potential ERISA class representative establishes his individual standing to sue his own ERISA-governed plan, there is no additional constitutional standing requirement related to his suitability to represent the putative class of members of other plans to which he does not belong." Id. at 424.

Decisions issued since *Fallick* have confirmed that decision rests upon case precedent interpreting ERISA, and thus is not necessarily applicable where ERISA is not at issue. See, e.g., *Eaton Vance*, 220 F.R.D. at 168 (ERISA precedent "was an important factor in the [*Fallick*] court's decision regarding Article III standing."); see also *Haney v. USAA Cas. Ins. Co.*, 331 Fed. Appx. 223, 227, n. 5; 2009 U.S. App. LEXIS 10385 (4th Cir. N.C. 2009). Further, no Sixth Circuit Court decision has applied *Fallick* to an FLSA case, such as that present here. In short, the *Fallick* decision is not applicable here, where there is not an ERISA benefit plan at issue, but rather potentially varying practices at multiple non-party nightclubs.

Other Plaintiffs have tried, unsuccessfully, to seek relief for other workers with whom they never worked, for example, by including in a proposed class or collective action the workers of subsidiaries. See, *Henry v Circus Circus Casinos, Inc.*, 223 F.R.D. 541 (D. Nev. 2004). In the *Circus-Circus* case, the plaintiffs attempted to allege FLSA violations as a class action on behalf of employees who worked at other casinos (where they did not work) that were owned by the parent organization of named defendant Circus-Circus Casinos, Inc., Mandalay Resort Group. In finding the plaintiffs lacked standing, the court determined that "for every named

8

defendant there [must] be at least one named plaintiff who can assert a claim directly against that defendant", stating further a plaintiff who lacks Article III standing to sue a defendant may not establish standing "through the back door of a class action". *Id.* at 544.

Here, Plaintiff tries to obtain standing through the "backdoor" to represent exotic dancers at clubs where Plaintiff never worked, simply by neglecting to name those nightclubs as defendants. Certainly, if those clubs could not be named as defendants because no named plaintiff worked there, they cannot be indirectly included as unnamed parties. "[N]o class may be certified that contains members lacking Article III standing . . . The class must therefore be defined in such a way that anyone within it would have standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006).

In a case with a similar theory as Plaintiff's here (that all Michigan nightclubs authorized to use the Déjà Vu Showgirl trademarks are part of the class whether or not plaintiff ever worked at that club), Defendants direct this Court's attention to *Clark v. McDonald's Corp.* 213 F.R.D 198, 204 (D.N.J.2003). There, plaintiff brought a class action alleging that every restaurant using the McDonald's licensed trade name was discriminating against disabled persons due to allegedly standard architectural barriers. Yet, plaintiff had not actually visited all of the franchises that he claimed were part of the defendant class. The court held that the plaintiff could not maintain a class action on behalf of a plaintiff class against individual McDonalds franchises "at whose hands Clark suffered no injury, no matter how similar Clark's injury is to those of the absent class members he hopes to represent." *Id.* at p. 223.

Here, Plaintiff has not named as a defendant any of the other so-called "Michigan Déjà Vu nightclubs," nor has she alleged that any of these Michigan Déjà Vu nightclubs were her "joint employer." Presumably, this is because Plaintiff is aware that she could not name any of

9

these clubs as defendants because she never worked at any of those separately incorporated nightclubs and suffered no injury by them.

Rather, Plaintiff seeks to include them in her class by a virtual bootstrap of calling Consulting and Mohney "joint employers" with Cin-Lan. Yet, even if Consulting and Mohney could be proven to be "joint employers" with Cin Lan, the sole Déjà Vu entity at which she worked, Plaintiff still could not seek to represent dancers who worked at the so-called Michigan Déjà Vu clubs because Plaintiff never actually worked there. Indeed, Plaintiff has testified that she never performed at any of the "Michigan Déjà Vu Clubs" other than Cin-Lan. [Doe Dep at 91-94, 122, 137-138] ,

This admission eliminates any possibility that Plaintiff could maintain a claim against any one of these entities. See, *In Re Eaton Vance Corporation Securities Litigation*, 220 F.R.D. 162, 169 (D. Mass. 2004) (plaintiff in a class action cannot "bootstrap" Article III standing against a defendant against whom the plaintiff has no claim on the theory that some member of the hypothetical class, if the class is certified, might have such a claim.). As a result, any reference to those Michigan Déjà Vu nightclubs should be stricken from Plaintiff's class allegations.

**B.    THE MWL DOES NOT APPLY WHERE PLAINTIFF'S MINIMUM WAGE CLAIM IS GOVERNED BY THE FLSA**

Although the MWL provided for a higher minimum wage than the FLSA as of October 1, 2006, the MWL does not provide a separate and distinct cause of action for violation of state minimum wage where the employer is governed by the FLSA. Plaintiff purports to allege a cause of action under the FLSA, and that Defendant has been Plaintiff's employer as defined by the FLSA. [AC ¶¶ 2, 11] Section 218 of the FLSA permits state law to impose a higher minimum wage than provided by the federal wage laws. 29 U.S.C. § 218(a). In relevant part, section 218(a) provides: "No provision of this Act [29 USC §§ 201 et. seq.] or of any order

10

thereunder shall excuse noncompliance with and Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this Act..."  In other words, if minimum wage under state law is higher than under federal law, a wage claim governed by the FLSA applies the state minimum wage pursuant to section 218(a).

The clear and unambiguous language of M.C.L. § 408.394(1) provides that the MWL does not apply to an employer who is subject to the minimum wage provisions of the FLSA, 29 U.S.C. §§ 201 to 219, unless those federal minimum wage provisions would result in a lower minimum hourly wage. See, *Alexander v. Perfection Bakeries, Inc.*, 267 Mich. App. 161, 165-166, 705 N.W.2d 31 (2005).  Since the FLSA expressly provides for the enforcement of higher state hourly rates under section 218 of the FLSA, the application of the FLSA does not result in a lower minimum hourly rate.  Accordingly, the MWL merely establishes the hourly wage rate and not a cause of action, where Defendants, as here, are subject to the FLSA.

## C.   PLAINTIFF CANNOT MAINTAIN A CLASS ACTION UNDER THE MICHIGAN MINIMUM WAGE LAW.

Even if the MWL applies to Defendants, Plaintiff's MWL class claims must be dismissed since the clear and unambiguous language of the MWL does not permit a claim to be brought as a class action.  M.C.L. § 408.393 provides, in pertinent part:

> (1) If any employer violates this act, *the employee* affected by the violation, at any time within 3 years, may:
>
> (a) Bring a civil action for the recovery of the difference between the amount paid and the amount that, but for the violation, would have been paid *the employee* under this act and an equal additional amount as liquidated damages together with costs and such reasonable attorney's fees as may be allowed by the court.

The Term employee is defined in the act as follows:

> (b) "Employee" means *an individual* not less than 16 years of age employed by an employer on the premises of the employer or at a fixed site designated by the employer, and includes a minor employed under section 15(1) of the youth employment standards act, 1978 PA 90, M.C.L. § 409.115. *See* M.C.L. § 408.382

11

The main goal of statutory interpretation is to "ascertain and to give effect of the intent of the Legislature." *United Parcel Service, Inc v. Bureau of Safety & Regulation*, 277 Mich. App. 192, 202; 745 N.W.2d 125 (2007). The first criterion in determining intent is the specific language of the statute. *Id.* The Legislature is presumed to have intended the meaning it plainly expressed, *Rowland v. Washtenaw Co. Rd. Comm.*, 477 Mich. 197, 219, 731 N.W.2d 41 (2007), and clear statutory language must be enforced as written. *Fluor Enterprises, Inc v. Dep't of Treasury*, 477 Mich. 170, 174, 730 N.W.2d 722 (2007). If the meaning of the language is clear, judicial construction is normally not necessary or permitted. *Nastal v. Henderson & Assoc. Investigations, Inc.*, 471 Mich. 712, 720, 691 N.W.2d 1 (2005). The words used by the Legislature are given their common and ordinary meaning. *Veenstra v. Washtenaw Country Club*, 466 Mich. 155, 160, 645 N.W.2d 643 (2002); M.C.L. § 8.3a. Finally, "[i]t is a well-known principle that the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws." *Walen v. Dep't of Corrections*, 443 Mich. 240, 248, 505 N.W.2d 519 (1993) (*citing Malcolm v. East Detroit*, 437 Mich. 132, 138 (1991)).

M.C.L. 408.393 is a clear expression of the legislative intent and permits a suit only by "the employee" affected by the violation of the MWL, which is defined in M.C.L. § 408.382 as "an individual". There is nothing in the Act that permits class wide treatment of a MWL violation.[4] This is also consistent with the legislative understanding that actions for unpaid wages will primarily be governed by the provisions of the FLSA, as the Act is only applicable when the

---

[4]   Had the Legislature intended to permit class treatment of such claims, they could have expressly authorized it as they have in other statutes. *See, e.g.*, M.C.L § 14.321(b)(3) (authorizing class actions for violation of the Public Safety Solicitation Act); M.C.L. § 445.360 (authorizing class action for violation of the violations of the Pricing and Adverting of Consumer Transactions Act); M.C.L. § 445.815 (authorizing class actions for violation of the Advertising Act); M.C.L. § 445.964(3) (authorizing class actions for violation of the Rental-Purchase Agreement Act); M.C.L. § 445.910 (authorizing Attorney General to bring class action for violation of Consumer Protection Act) ; and M.C.L. § 445.911(3) (authorizing class action by individuals for violations of the Consumer Protection Act).

minimum wages due under the MWL exceed the minimum wage provided by the FLSA as provided in M.C.L § 408.394(1), and may only be brought as a collective - not as a class - action pursuant to the FLSA. 29 U.S.C. § 216(b).

The MWL provides two mechanisms for recovery of alleged unpaid wages under the Act. First, *the employee* affected by the violation may file a suit against the employer to recover the difference between wages paid and owed under the MWL. Second, *the employee* may file a complaint with the Commissioner (*i.e.*, the Director of the Department of Consumer and Industry Service). The statute, however, does not permit the employee to file claims on behalf of other purported employees for alleged violations of the Act.[5]

In fact, under MWL, the right to maintain a class action is vested solely in the Commissioner. M.C.L. § 408.393(2). Such an action may only take place if the Commissioner is unable to obtain voluntary compliance by the employer "within a reasonable period of time." *Id.* The action is further limited to employees who are "similarly situated on the *same work site*." *Id.* (emphasis added). This could not be then applied to the "Michigan Déjà Vu Nightclubs," which include several worksites. [AC, ¶ 14].

Thus, a private class action would violate the Michigan Legislature's intent that representative actions would only be brought *after* the Commissioner is unable to obtain compliance with the Act within a reasonable time. M.C.L. § 408.393(2). *See, e.g., South Haven v. Van Buren Co. Bd. of Comm'rs*, 734 N.W.2d 533, 539, (Mich. 2007) ("Where a statute gives new rights and prescribes new remedies, such remedies must be strictly pursued; and a party seeking a remedy under the act is confined to the remedy conferred thereby and to that only") (citations omitted).

---

[5] This is distinctly different than the FLSA which permits an employee adversely affected by an employment action to file suit on behalf of those other employees "similarly situated." The Legislature is presumed to be aware of this distinction. *Walen, supra.*

6287604.1 33004/130338

It is also clear that Plaintiff has no intent to limit her class action to employees "who are similarly situated on the same work site." M.C.L. § 408.393(2). Plaintiff's hopeful action would impermissibly render the forgoing provisions nugatory. See, *Circuit City*, 532 U.S. at 13 (statutory provisions should not be interpreted in a manner that renders other provisions of the statute to be superfluous). For these reasons, Plaintiff cannot maintain a class action under MWL and her MWL class claim must be dismissed.

### D.   THIS COURT MUST DECLINE JURISDICTION OF PLAINTIFF'S MWL CLASS CLAIMS UNDER THE "HOME-STATE CONTROVERSY" OR THE "LOCAL CONTROVERSY" EXCEPTIONS TO CAFA JURISDICTION

Plaintiff seeks class treatment of her claims under Fed. R. Civ. Pro. 23, and alleges jurisdiction exists under the CAFA. [AC, ¶ 3] Yet, given Plaintiff's allegations and the nature of her claims, jurisdiction under CAFA must be declined under Section 1332(d)(4)(B). Under the "home-state controversy" exception, as Section 1332(d)(4)(B) is known, a district court shall decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, *and the primary defendants,* are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (emphasis added).

Here, a comprehensive review of performer leases and computer records for 2609 dancers from all of the "Michigan Déjà Vu nightclubs" indicates that 2239 dancers, or 86% of the total, identified themselves as Michigan residents. [See, Exhibits K through R]

The term "primary defendants" is not defined. Some courts interpret the term as referring to all defendants facing direct liability, see, e.g., *Passa v. Derderian*, 308 F. Supp. 2d 43, 62-63 (D.R.I. 2004), whereas others interpret the term to apply to the defendants who would be expected to incur most of the loss if liability is found. See, e.g., *Harrington v. Mattel*, 2007 U.S. Dist. LEXIS 95401, 2007 WL 4556920 (N.D. Cal. Dec. 20, 2007).

Under either definition, Cin-Lan would clearly qualify as the "primary defendant." While Consulting arguably could be considered a "primary defendant," Mohney, who at most may be held liable as a joint employer of Cin-Lan, is plainly not a "primary defendant." In fact, Mohney was not even named as a defendant until Judge Gadola dismissed Plaintiff's state claims and Plaintiff needed Mohney to obtain diversity. Since well more than two-thirds of the members of the state wide class proposed by Plaintiff are citizens of Michigan, and both Cin-Lan and Consulting are citizens of Michigan, the "home-state controversy" exception is applicable, and this Court must decline jurisdiction over Plaintiff's MWL claim.

Alternatively, this Court must decline jurisdiction under the "local controversy" exception, which provides:

A district court shall decline to exercise jurisdiction . . .

(A)(i) over a class action in which –

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant --

(aa) from whom *significant relief* is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a *significant basis* for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) Principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .

28 U.S.C. § 1332(d)(4) (emphasis added).

15

The terms "significant relief" and "significant basis" are not defined in the statute. However, a Judiciary Committee Report on the CAFA gave the following example of the application of clause (aa):

> [I]n a consumer fraud case alleging that an insurance company incorporated and based in another state misrepresented its policies, a local agent of the company named as a defendant presumably would not fit this criteria. He or she probably would have had contact with only some of the purported class members and thus would not be a person from whom significant relief would be sought by the plaintiff class viewed as a whole. Obviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself.

S. Rep. No. 109-14 at 40. Based on this legislative history, courts have concluded that "significant relief" refers to instances where the relief sought against a particular defendant is a significant portion of the total relief sought by the whole class. *Kearns v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, 2005 WL 3967998 (C.D. Cal. 2005); *Escoe v. State Farm Fire & Cas. Co.*, 2007 U.S. Dist. LEXIS 30088, 2007 WL 1207231 (E.D. La. 2007).

The *Kearns* court also referred to legislative history in determining the meaning of "significant basis." The Committee Report quoted above included the following comment regarding the hypothetical insurance scheme:

> Similarly, the agent presumably would not be a person whose alleged conduct forms a basis for the claims asserted. At most, that agent would have been an isolated role player in the alleged scheme implemented by the insurance company.

S. Rep. No. 109-14 at 40.

Based on this legislative history, the *Kearns* court concluded that Kearns did not seek "significant relief" against a car dealer which sold cars to only a fraction of the class and that the car dealer's conduct did not form a significant basis of the claims asserted.

Here, greater than two-thirds of the putative class members are Michigan citizens, as are Consulting and Cin-Lan. Plainly, "significant relief" is sought from both Cin-Lan, as Plaintiff's alleged direct employer, and Consulting, as Plaintiff's alleged joint employer, and their alleged

16

actions in classifying Plaintiff as an "independent contractor" instead of an employee are clearly a "significant basis" for the claims asserted in this case. Further, the principal injuries or damages resulting from the alleged improper classification of dancers as independent contractors were clearly incurred, if at all, in Michigan, where each of the putative class members performed as professional entertainers (all at the so-called "Michigan Déjà vu Nightclubs") and earned their incomes. Finally, Defendants are not aware of any other class action that was filed during the 3 year period prior to July, 2008 which asserted the same or similar factual allegations against them by the same or other persons. [6] Plainly, therefore, the "local controversy" exception applies, and this Court must decline jurisdiction.

While Mohney is not a Michigan citizen, that fact does not affect the "local controversy" exception, particularly since his role clearly was less significant than that of the alleged direct employer, Cin-Lan, and Consulting, the alleged corporate joint employer. Even this Court found, after Mohney's deposition and extensive document production by Defendants, that there was "virtually no evidence" Mohney played a significant role in the management of Cin-Lan or the Lansing nightclub where Plaintiff performed. As such, this Court must decline jurisdiction over Plaintiff's MWL class claims under the CAFA under both the "home-state" and "local" controversy provisions.

E.   **PLAINTIFF CANNOT MAINTAIN AN OPT-OUT CLASS ACTION UNDER RULE 23 FOR HER CLAIMS UNDER THE MICHIGAN MINIMUM WAGE LAW, SINCE THE OPT-OUT MECHANISM OF RULE 23 IS INHERENTLY IRRECONCILABLE WITH THE OPT-IN MECHANISM REQUIRED UNDER THE FLSA**

---

[6] Defendants acknowledge that there have been matters pending during this time frame, but those actions were not "filed" during the three year period in question or did not name Defendants. The matter of *Kimberly Jones v. Déjà Vu, Inc., et al*, Case No. 3:05-cv-00997, U.S. District Court for the Northern District of California which named Consulting but not Mohney, was filed March 9, 2005, more than 3 years before the instant action was filed, and was dismissed November 3, 2005. Another action, *Quinec Hills v. HDV #3, LLC*, Case No. BC385610, pending in the Superior Court of the State of California, County of Los Angeles, although filed February 14, 2008, did not originally name either Consulting or Mohney as party defendants.

Assuming *arguendo* Plaintiff could maintain a class claim under the MWL and that this Court was not required to decline jurisdiction under the CAFA, Plaintiff's attempt to meld an opt-out class claim under the MWL with the opt-in mechanism mandated by the FLSA should be rejected. The FLSA provides that an action to recover for violations of its provisions:

> may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party* and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added).

Federal courts, including the Sixth Circuit, have interpreted this language to mean that a prospective plaintiff must affirmatively opt-in to a collective action brought under the FLSA, thus precluding a plaintiff from asserting an FLSA claim as a traditional Rule 23 class action. *See, e.g., Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 173, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989) (the FLSA limits private "plaintiffs to employees who assert[] claims in their own right"); *Comer v. Wal-Mart Stores, Inc.,* 454 F.3d 544, 546 (6th Cir. 2006); *De Asencio v Tyson Foods, Inc.,* 342 F.3d 301 (3rd Cir. 2003); *Hipp v. Liberty Nat'l Life Insurance Co.,* 252 F.3d 1208, 1216 (11th Cir. 2001). Almost unanimously, courts have held that Rule 23 "opt-out" class certification is inappropriate for FLSA claims. *See Lusardi v. Lechner,* 855 F.2d 1062, 1068 n.8 (3rd Cir. 1988) (stating that "[c]ourts have generally recognized that Rule 23 class actions may not be used" for violations of the FLSA); *LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir. 1975) (per curiam) (stating that "[i]t is crystal clear that" 29 U.S.C. § 216(b) "precludes pure Rule 23 class actions in FLSA suits").

Courts in some jurisdictions have gone further and declined to allow state law class claims under Rule 23 to proceed with collective claims filed under the FLSA. See, e.g., *De*

18

*Asensio v Tyson Foods, Inc.*, 342 F.3d 301 (3rd Cir. 2003); *Otto v Pocono Health System,* 457

F.Supp.2d 522 (M.D. Pa. 2006). Courts have applied this inherent incompatibility doctrine even

where CAFA jurisdiction exits. See, *Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2008

U.S. Dist. LEXIS 44469, at *6-10, 2008 WL 2357735 (W.D. Pa. 2008) (agreeing with the Court

in *Ellis* and finding that opt-in and opt-out actions are incompatible); *Ellis v. Edward Jones &*

*Co.*, 527 F. Supp. 2d 439, 448 (W.D. Pa. 2007) (finding that the class procedures set out in the

FLSA were incompatible with the procedures in Fed. R. Civ. P. 23).

Judge Gadola applied this same reasoning when he sua sponte declined to exercise

supplemental jurisdiction at the outset of this litigation. [*See* Doc. 11, Opinion of 07/08/2008].

He specifically found that "Plaintiff's state law claims would substantially expand the scope of

this case beyond that necessary and relevant to the federal law claims." *Id.*, p. 4. He also

concluded that judicial economy, convenience, fairness, and comity "counsel against exercising

supplemental jurisdiction in this case." *Id.* While Plaintiff plainly intended to avoid this ruling

by thereafter naming Mohney in order to obtain a diverse defendant, Judge Gadola's reasons are

equally applicable in evaluating the incompatibility of the FLSA opt-in mechanism with Rule

23's opt-out procedures.

This same principle applies here to bar Plaintiff's claims under the Michigan MWL from

achieving class action status. While the Sixth Circuit appears not to have ruled on this direct

question, allowing Plaintiff to proceed with state claims under Rule 23's opt-out rubric is

patently contrary to the opt-in procedure mandated by the FLSA for collective actions. To allow

the state claims to proceed on the same claims for minimum wages as Plaintiff alleges under the

FLSA would effectively eviscerate the purpose of the FLSA's opt-in requirement, and should not

be permitted by the Court.

19

## IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court strike Plaintiff's purported class definition which includes dancers from non-party nightclubs at which she never performed and strike and/or grant summary judgment as to Plaintiff's collective and class claims or, alternatively, dismiss Plaintiff's MWL class claims or decline to exercise jurisdiction over same.

Respectfully submitted,

Jackson | Lewis LLP
/s/Allan S. Rubin
Allan S. Rubin (P44420)
Co-Counsel for Defendant Cin-Lan, Inc.
2000 Town Center, Suite 1650
Southfield, MI  48075
Telephone: (248) 936-1900
Facsimile:  (248) 936-1901
E-Mail: rubina@jacksonlewis.com

Clark Hill, PLC
/s/PaulW. Coughenour
Paul W. Coughenour (P34335)
Attorneys for Defendant Déjà Vu Consulting, Inc.
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
Telephone: (313) 965-8300
Facsimile: (313) 965-8252
E-mail: pcoughenour@clarkhill.com

Hertz Schram, P.C.
/s/ Walter J. Piszczatowski
Walter J. Piszczatowski (P27158)
Attorneys for Defendant Cin-Lan, Inc.
1760 South Telegraph Road, Suite 300
Bloomfield Hills, MI  48302
Telephone: (248) 335-500
Facsimile:  (248) 335-3346
E-Mail: wallyp@hertzschram.com

Law Offices of Edith A. Thomas
/s/ Edith A. Thomas
Edith A. Thomas (P41172)
Attorney for Defendants Harry V. Mohney
  and Déjà Vu Consulting, Inc.
214 North Ridge Drive, Suite B
Fallbrook, CA 92028
Telephone: (888) 349-3940
Facsimile:  (760) 728-9518
E-mail: edithomas1@aol.com

DATED:  January 29, 2010

6287604.1 33004/130338

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JANE DOE**, individually, and on behalf of all
others similarly situated,

        Plaintiff,

v.

**CIN-LAN, INC.;**
**DÉJÀ VU CONSULTING, INC.**; and
**HARRY V. MOHNEY,**

        Defendants.

Case No. 2:08-CV-12719

Honorable Stephen J. Murphy, III

Magistrate Judge Michael J. Hluchaniuk

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I caused to be electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to the following attorneys: Timothy J. Becker, Kristin Beals Bellar, Ronald A. King, Walter J. Piszczatowski, Hart L. Robinovitch, Kevin J. Stoops, Edith A. Thomas, Allan S. Rubin, Jason J. Thompson, which will also provide copies of the foregoing document with the Chambers of U.S. District Judge Stephen J. Murphy, III and U.S. Magistrate Judge Michigan J. Hluchaniuk.

        **CLARK HILL PLC**

        /s/PaulW. Coughenour
        Paul W. Coughenour (P34335)
        Attorneys for Defendant Déjà Vu Consulting, Inc.
        500 Woodward Avenue, Suite 3500
        Detroit, MI 48226
        Tel: (313) 965-8300
        Fax: (313) 965-8252
        Email: pcoughenour@clarkhill.com

DATED:  January 29, 2010

6287604.1 33004/130338