UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JANE DOE,

       Plaintiff,                                Case No. 08-cv-12719

v.                                            HONORABLE STEPHEN J. MURPHY, III

CIN-LAN, INC.; DEJA VU
CONSULTING, INC.; and
HARRY V. MOHNEY,

       Defendants.

_____/

## OPINION AND ORDER DENYING PROPOSED
## INTERVENORS' MOTION TO INTERVENE (docket nos. 194 & 197)

Before the Court is Proposed Intervenors' motion to intervene.[1]  The motion has

been fully and extensively briefed.  Having reviewed the motion and conducted a telephonic

status conference with all parties, the Court concludes that a hearing is unnecessary.  *See*

E.D. Mich. 7.1(f)(2).  For the reasons stated below, the Court will deny the motion.

### BACKGROUND

This is a wage-and-hour proposed class action involving professional dancers who

perform, or previously performed, at Defendants' gentlemen's clubs across the nation.

Plaintiff Jane Doe has sued Defendants for violation of the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.*, as well as Michigan's Minimum Wage Law, Mich. Comp. Laws §

408.382 *et seq.*, contending that Defendants misclassified dancers and treated them as

independent contractors instead of employees, and have thereby wrongly deprived them

of various benefits under federal and state law.  Defendants have denied all wrongdoing.

After nearly three years of litigation involving extensive motion practice, the parties have

---

[1] Due to a filing mishap, there are actually two identical motions to intervene pending
on the docket.  *See* docket nos. 194 & 197.

agreed to settle all claims.  The settlement is intended to be global in nature.  Because the settlement involves certifying a class under Rule 23 of the Federal Rules of Civil Procedure, the Court must determine whether the settlement is fair, adequate, and reasonable.  Fed. R. Civ. P. 23(e)(2).

The terms of the settlement are included in the 84-page (including exhibits) settlement agreement.  *See* docket no. 189-2.  Despite its length, the gist of the settlement's terms are straightforward.  Class participants are provided the option of obtaining either a one-time cash payment of up to $500, or a credit towards the rent charged the dancers to perform at the various clubs.  The settlement also requires the Court to preliminary enjoin all actions currently pending against Defendants nationwide until the final fairness hearing, after which, all persons who opt in to the collective action and do not opt out of the class action will be enjoined from continuing with, or filing new, lawsuits relating to the settled claims.  Plaintiff's motion for preliminary approval of the settlement and Defendants' motion for preliminary injunction are pending before the Court.

Soon after Plaintiff and Defendants filed their respective motions in support of the proposed settlement, Proposed Intervenors, consisting of class members in two certified wage-and-hour class action lawsuits against one of the three defendants here, both filed in California state courts, filed a motion seeking to intervene in this action.  The injunction accompanying the settlement in this case would impact those, and *only* those, who are part of the California class who choose to join this settlement.  Specifically, those who join will agree to release their claims and would be enjoined from relitigating them in another action, including the California action.  Proposed Intervenors seek intervention for the following purposes: 1) to attempt to have the classes certified in California severed from

2

this settlement; 2) to move to disqualify interim class counsel for alleged ethical violations; 3) should the parties not agree to sever the California classes from this settlement, to conduct discovery regarding the parties' conduct during settlement negotiations to determine whether the settlement is a result of collusion; and 4) to possibly seek to reopen discovery negotiations in this case.

## DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure governs intervention in federal civil litigation.  Intervention may be allowed as of right or permissively.  Proposed Intervenors request both.  To intervene as of right under Rule 24(a)(2), a proposed intervenor must establish four elements: 1) timeliness; 2) the proposed intervenor has a substantial legal interest in the subject matter of the case; 3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and 4) the parties already before the court may not adequately represent the proposed intervenor's interest.  *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).  A proposed intervenor has the burden of demonstrating entitlement to intervention, and failure to establish any one of the elements requires denial of a motion to intervene.  *Id.*

While there is no dispute that Proposed Intervenors' motion is timely and that they possess an interest in the settlement of the nationwide claims at issue in this case, there is considerable dispute among the parties with respect to the remaining two factors – impairment and adequacy of representation.  With respect to impairment, Proposed Intervenors contend that absent intervention, their claims will be settled without their input; they will have no way of contesting the settlement agreement and ensuring that their interests, and those of the class members they represent, are protected.  They also

3

complain that once a class is preliminarily certified in this case, the California classes will be prohibited from discussing the settlement with their current counsel.

Though the burden to show an impairment of a legally protected interest is light and requires the intervenor to show only that impairment of his interest is *possible* if intervention is denied, *see Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999), the Court does not find this element satisfied here.   Contrary to Proposed Intervenors' statements to the contrary, intervention is not necessary to prevent their claims from being settled without their input.   Nor is intervention the only way to contest the fairness of the settlement. Because any class would be certified under Rule 23(b)(3) (an "opt out" action), Proposed Intervenors may simply choose not to join this action and they will not be bound by it.[2]   *See Thompson v. Metro. Life. Ins. Co.*, 216 F.R.D. 55, 70 (S.D.N.Y. 2003) (denying intervention because, among other reasons, proposed class members had option of opting out of settlement); *see also In re DHP Indus., Inc. Class Action Litigation*, Nos 05-CV-4295 and 05-CV-4345, 2007 WL 2907262, *2 (E.D.N.Y. Sept. 30, 2007) (same).   While the California actions will be enjoined temporarily if and when the Court conditionally approves of the fairness and adequacy of the proposed settlement, the California cases will proceed with respect to the class member who choose not to join this settlement if the Court ultimately approves the settlement.   And if the Court ultimately rejects the settlement, the California cases go forward as well.

Alternatively, should Proposed Intervenors choose to join this settlement, but also

---

[2] Because the settlement involves a collective action, under 29 U.S.C. § 216(b), class members must opt in to join the settlement.   *See also O'Brien v. Ed Donnelly Enters, Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) ("Unlike class actions under Fed. R. Civ. P. 23, collective actions under FLSA require putative class members to opt into the class.").

4

wish to object to it, they may voice their concerns in writing and in person at the fairness hearing. *See Bailey v. AK Steel Corp.*, No. 1:06-CV-468, 2008 WL 148941, *7 (S.D. Ohio Jan. 14, 2008) (denying intervention for the "dispositive reason" that potential class members had opportunity to voice objections at fairness hearing); *Ruggles v. Bulkmatic Transport Co.*, No. 2:03-CV-00617, 2007 WL 496671, *3 (S.D. Ohio Feb. 7, 2007) (denying intervention because potential class members could challenge the settlement at the fairness hearing). Thus, even if Proposed Intervenors and the class members they represent wish to join the settlement, instead of opting out, their interests will not be impaired if they are not permitted to intervene.

Moreover, applying more general principles of federal civil procedure, the Court finds that the potential for impairment here falls far short of the type of impairment generally required for intervention as of right. *See, e.g.*, *Ne. Ohio Coalition for Homeless and Serv. Emps. Int'l Union v. Blackwell*, 467 F.3d 999, 1008 (6th Cir. 2006) (finding Ohio's interest would be impaired absent intervention in voting rights case based on potential for *stare decisis* effects of adverse ruling against Ohio, and because there was little time for Ohio to file new lawsuit to defend voting statute due to impending vote); *Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992) (stating that potential *stare decisis* effects can be sufficient basis for finding an impairment of interest); *United for Separation of Church and State v. City of Grand Rapids*, 922 F.2d 303, 305 (6th Cir. 1990) (finding that extra time required to initiate separate lawsuit to allow would-be intervenor to display menorah on public property likely would have pushed resolution of the issue beyond the coming Chanukah season); *Jansen v. City of Cincinnati*, 904 F.2d 336, 342 (6th Cir. 1990) (finding impairment where absent intervention, parties to consent decree entered in earlier

5

action would be bound by adverse decision regarding interpretation and validity of decree and thus unable to later seek to enforce decree); *see also Fed. Trade Comm'n v. Am. Telnet, Inc.*, 188 F.R.D. 688, 691 & n.2 (S.D. Fla. 1999) (finding no impairment in federal action brought by federal agency because final judgment in federal action would have no effect on proposed intervenors' state class action, while at the same time acknowledging that insofar as class members were same persons being compensated under final judgment in federal action, claims in state class action could be offset by relief provided in federal action).

The cases cited above illustrate that courts generally find impairment when the intervenors would be barred by *stare decisis* or collateral estoppel from filing an alternative action, when filing an alternative action and obtaining relief therein would be impossible due to time constraints, or when it is otherwise clear that a substantial interest will be impaired. None of those concerns is present in this case. Proposed Intervenors contend that opting out would not protect their interests because the individual claims would be too small to support litigation by themselves, as opposed to in a class action. But, their assertion that their "misappropriated tip" theory *alone* seeks, and apparently is worth, $14 million in damages belies this contention. And nothing would prevent those who choose not to join this settlement from continuing their already-certified class action in California. In fact, given that both California classes have been certified for more than six months already,[3] it is likely that many of the class members in the California actions are aware of the certified

_____

[3] A class was certified in *Arfat, et al. v. Deja Vu of North Hollywood*, No. BC367362 (Los Angeles Sup. Ct.) on October 6, 2008, and a class was certified in *Hills v. Deja Vu City of Industry*, No. BC385610 (Los Angeles Sup. Ct.) on June 30, 2010. *See* docket no. 197, exhibits A and B.

classes, will contact counsel for Proposed Intervenors upon receiving the class notice in

this case, and, if they believe their chances of a high recovery in the California action are

better than their chances of recovery in this settlement, will choose not to join in this action,

and will continue litigating in the California actions.

For the above reasons, the Proposed Intervenors cannot establish that their

interests would be impaired absent intervention in this action.  And because they cannot

make this showing, intervention as of right must be denied, and the Court need not address

whether their interests are being adequately represented by Plaintiff's counsel.[4]  *See*

*Michigan*, 424 F.3d at 443 (stating that where one of four criteria for intervention as of right

is not satisfied, intervention is not permitted).

Proposed Intervenors alternatively seek to intervene permissively under Rule 24(b).

To intervene permissively, a proposed intervenor must file a timely motion that alleges at

least one common question of law or fact between the action and his or her claim.  *Id.* at

445.  If he does, the district court must then consider whether intervention will unduly delay

or prejudice the adjudication of the parties' rights.  *Id.*; Fed. R. Civ. P. 24(b)(3).  The Sixth

Circuit has recognized that "a charge of abuse of discretion in the denial of a motion for

permissive intervention appears to be almost untenable on its face when an appellant has

---

[4] The court also finds unwarranted Proposed Intervenors' fear that once a class is preliminarily certified in this case, the California classes will be prohibited from discussing the settlement with their current counsel.  The proposed class notice makes clear, on page 12, that the class members may discuss this case with an attorney of their choosing.  *See* docket no. 189-2, Ex. F, p. 12 ("If you so desire, you may hire your own attorney.  However, you will be responsible for that attorney's fees and expenses.").  Proposed Intervenors' reliance on *Hernandez v. Vitamin Shoppe Indus., Inc.*, 174 Cal. App. 4th 1441 (2009) is therefore misplaced.

7

other adequate means of asserting her rights." *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1124 (6th Cir. 1989) (citing *Korioth v. Brisco*, 523 F.2d 1271, 1279 n.25 (5th Cir. 1975)).   In *Head*, the Sixth Circuit affirmed the district court's denial of permissive intervention when the proposed intervenor had filed a separate complaint that was substantially similar to the proposed intervenor's complaint, thereby demonstrating that the proposed intervenor had availed herself of other adequate means to assert her rights. *Id.* at 1124-25.

Likewise, the Court finds that the Proposed Intervenors here are able to assert their rights through means less disruptive than intervening in this case.  They can opt out of the settlement and continue their litigation in California.  Or they can join the settlement and challenge it at the fairness hearing.  Permitting intervention at this point for the purpose of permitting wide-ranging discovery into the entire settlement process and attempting to reopen settlement negotiations would unduly delay what is already nearly a three-year case.  It would also prejudice Defendants, who wish to put behind them nearly all of the wage and hour claims they currently face, and Plaintiff and the class members, who wish to obtain the relief the settlement provides.  Further, not only would intervention delay the potential resolution of this case, but it would likely offer little to no benefit to the potential class members, given that the settlement took nearly six months to put together and already reflects the parties' final bargaining positions.  If the class members do not wish to take advantage of the settlement, they can choose not to join it.

For the reasons stated above, the Court will deny Proposed Intervenors' motion to intervene.

**ORDER**

8

**WHEREFORE**, it is hereby **ORDERED** that Proposed Intervenors' motion to intervene (docket nos. 194 & 197) is **DENIED.**

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  January 5, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 5, 2011, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager