UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, Individually and on
behalf of all others similarly situated,

        Plaintiff,

v.

CIN-LAN, INC., DEJA VU
CONSULTING, INC., and
HARRY V. MOHNEY,

        Defendants.
_____/

Case No. 08-cv-12719

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING
PLAINTIFF'S MOTION FOR ENTRY OF PROPOSED
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
(docket no. 189), CERTIFYING CLASS FOR PURPOSES OF SETTLEMENT,
DIRECTING NOTICE TO THE CLASS AND SETTING FAIRNESS HEARING**

This matter came before the Court pursuant to the Parties' notice that a proposed settlement has been reached that represents a resolution of all class members' claims under the Fair Labor Standard Act, 29 U.S.C. §201, et seq. ("FLSA"), and state wage and hour claims, including those currently pending in other courts and before certain administrative tribunals, and the Parties' request to the Court, for settlement purposes only, that it: 1) preliminarily approve the proposed settlement agreement pursuant to Fed. R. Civ. P. 23 (c) and (e) and §216(b) of the Fair Labor Standards Act; 2) preliminarily certify a class action (collectively, the Court will refer to the Rule 23 class and the collective claims pursuant to Section 216(b) of the FLSA as the term "Class"); and 3) schedule a Fairness Hearing to consider final approval of the proposed settlement.

Having considered the Parties' request, the Court will grant the motion and enter the Parties' proposed order.

WHEREAS, the Parties have reached a settlement of the above-captioned matter; and

WHEREAS, Plaintiffs Doe I through Doe IV have approved the terms of the settlement; and

WHEREAS, although Defendants assert a variety of defenses and counter-claims and deny any wrongdoing or legal liability with regard to any and all of the claims asserted, in this litigation or in the proposed Second Amended Complaint, Defendants nevertheless desire to settle the asserted Class action claims on the terms and conditions memorialized in the definitive Release and Settlement Agreement ("Settlement Agreement") for the purpose of avoiding the burden, expense, and uncertainty of trial, and for the purpose of putting to rest the controversies advanced by this and related litigation pending across the country; and

WHEREAS, this Court has conducted an informal preliminary approval hearing on Wednesday July 7, 2010, and is otherwise fully advised of the facts and circumstances of the proposed settlement;

**IT IS HEREBY ORDERED THAT:**

### Preliminary Approval of the Class Settlement Agreement

1. The standards for preliminary approval of a class settlement under Fed. R. Civ. P. 23(e) involves a three-step process:

    a. Preliminary approval of the proposed settlement at an informal hearing;

    b. Dissemination of mailed and/or published notice of the settlement to all affected Class Members; and

      c.      A formal fairness hearing or final approval hearing, at which Class Members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented.

*See Fussell v. Wilkinson,* No. 1:03-CV-704, 2005 WL 3132321, at *3 (S.D. Ohio Nov. 22, 2005) (citing, among other cases, *Williams v. Vukovich,* 720 F.2d 909 (6th Cir. 1983); *Manual for Complex Litigation* § 21.632; § 30.41 (5th Ed. 2004)). This procedure, commonly employed by federal courts, serves the dual function of safeguarding class members' procedural due process rights, and enabling the Court to fulfill its role as the guardian of the interests of the class. Specifically, at this stage:

> If the court finds that the settlement is the product of arm's-length negotiations conducted by experienced counsel, the settlement will enjoy a presumption of fairness.… Once the settlement is presumed fair, "it is not for the Court to substitute its judgment as to a proper settlement for that of such competent counsel."

*In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp.2d 164, 173-74 (S.D.N.Y. 2000) (quoting *In re Warner Comm. Sec. Litig.,* 618 F. Supp. 735, 746 (S.D.N.Y. 1985)).

    2.    The Court has been advised by all counsel of the basic terms of the Settlement Agreement, which are summarized below:

      a.      Defendants will agree to pay, pursuant to the terms set forth in the Settlement Agreement, $11.3 million for the benefit of the Class certified by the Court to settle all claims brought in this Action and otherwise identified in the Settlement Agreement, and will in exchange receive a class-wide release by all Class members who file a Cash Payment Claim Form that includes a consent to join this action under §216(b) of the FLSA and by those who do not opt out of the Class pursuant to Rule 23, for both known and unknown claims related to this action and other specified pending proceedings, including all allegations that were not made but arise out of the same transactions or occurrences at issue in the Second Amended Complaint;

      b.      The settlement will involve injunctive relief and monetary relief, including providing for two alternative methods for paying the monetary benefit to

        Class members: a cash payment or dancer "rent" credit.  Each entertainer will be eligible to receive either option, and will be afforded the option of choosing which of the two options she wishes to receive.

    c.    $966,666 will be paid as partial payment of attorneys' fees, litigation expenses and class representative incentive awards, including $200,000 to be applied to reimburse plaintiff counsels' litigation costs and an agreed upon settlement administration cost amount, $100,000 in Class representative incentive awards to the Jane Doe Plaintiffs and direct attorneys' fees of  $666,666.

    d.    The balance of the settlement shall be made available to Class members who are eligible to receive benefits as set forth in the Settlement Agreement. Those payments will take the form of either a: (1) cash payment of up to $500 depending on the number of days that the entertainer had performed at the last Deja Vu-Affiliated Nightclub at which she performed prior to the effective date of the settlement from her "Qualifying Club"; or (2) a dancer rent credit of up to $1,000 each depending on the number of days that the Entertainer had performed at her Qualifying Club, pursuant to terms outlined in the Settlement Agreement.  Plaintiffs' counsel may file, and defense counsel will not object to, a petition for payment of up to 31.489% of the rent credit benefit available under this section from the Class as additional attorneys' fees, with a maximum amount of $2,833,334.00, all of which will be  guaranteed by the Defendants to be paid out in accordance with  the terms of the Settlement Agreement regardless of the number of rent credits used;

    e.    Various injunctive relief as outlined in the Settlement Agreement;

    f.    The Parties will jointly agree to a settlement Class as set forth in the Settlement Agreement, and will cooperate to effectuate that settlement, obtain final approval, and administer the settlement; and

    g.    Any person who is a member of the settlement Class, but who desires to opt-out, may do so by personally signing an opt-out form and submitting that form pursuant to the terms of the Settlement Agreement.

3.    The record includes many contested motions, some pending and some decided on a preliminary basis, and the Court understands that there are also a variety of anticipated future motions, including class certification under both §216(b) of the FLSA and several state wage and hour laws under Fed. R. Civ. P. 23. The past two years have involved hard-fought litigation as confirmed by the record and this Court's

orders. The Court has first-hand experience of the efforts of the Parties' counsel, and has on more than one occasion had many of the Parties in Court. The Court also notes that the Parties were in Court recently where the Court established a final Case Management Order and a trial date, which is presently set for September, 2011. The Court is well aware of the many factual and legal issues that remain in dispute between the Parties and that the Parties understand that they each face significant and unknown consequences relative to the Court's rulings, and then trial.

4. The Parties have spent much of the past seven months in focused settlement efforts, including most recently the Parties' settlement reports. The Parties have spent a day in face-to-face mediation with a professional mediator, and then have had multiple follow up sessions with the mediator.

5. The Court has reviewed Settlement Agreement, documents that comprise its various exhibits (which include Class notices, claim forms, and Opt Out Form), and a proposed timetable of events, for purposes of approval under Rule 23(g) and §216(b) of the FLSA. The Court preliminarily finds that the Settlement Agreement constitutes a fair and reasonable result given the totality of the circumstances facing Plaintiffs and the Class. The benefits of settlement are substantial in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of prolonged litigation. "There is an overriding public interest in favor of settlement of class action suits." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir. 1985) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). This is particularly true when the substantive issues of the case "reflect a broad public interest in the rights to be vindicated or the social or economic policies to be established." *Id*.

As the Court is aware, the present Class action settlement was reached after prolonged arm's-length negotiations by experienced counsel on both sides. The terms of this settlement as outlined above and as set forth in greater detail in the Settlement Agreement represent, in this Court's opinion, a good result achieved by experienced Plaintiffs' and Defendants' counsel.

6.      For the reasons stated by the Court on the record in Court on Wednesday July 7, 2010, and upon further review of the materials submitted by the Parties in furtherance of the entry of this order, the Court hereby grants preliminary approval of the Parties' Release and Settlement Agreement pursuant to Rule 23(c) and (e) of the Federal Rules of Civil Procedure and §216(b) of the FLSA as agreed to and by the Parties. Approval is based upon: (a) the likelihood of success on the merits weighed against the amount and form of relief offered in the settlement; (b) the risks, expense, and delay of further litigation; (c) the judgment of experienced counsel for all Parties who have competently evaluated the strength of their proofs; (d) the amount of discovery completed and the character of the evidence uncovered, not only by the Parties, but also by the Court; (e) the fairness of the settlement, as set forth on the record by counsel, to the Class members; (f) the fact that the settlement is the product of extensive arms-length negotiations between the Parties; (g) the fact that any proposed Class member who disagrees with the settlement may opt out by personally signing the Opt Out Form and submitting it pursuant to the procedures set forth in the Settlement Agreement; and (h) the fact that this settlement is consistent with the public interest.

**Preliminary Approval of Class**

7. The Court preliminarily finds that the proposed Class, for settlement purposes only, meets the applicable requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and §216(b) of the FLSA, and hereby conditionally certifies the following class under Fed. R. Civ. P. 23(a)(b)(3) and collectively under §216(b) of the FLSA:

> **All entertainers who performed any Deja Vu-Affiliated Nightclub identified on Exhibit A to the settlement agreement during the period June 25, 2005, through the present, or during the applicable limitations period for any entertainer who performed at any of the clubs involved in one of the other pending lawsuits, whichever is longer.** [1]

8. The Court preliminarily finds that Plaintiffs Jane Does I-IV are adequate representatives of the Class for settlement purposes only;

9. If this Class settlement is terminated for any reason or is not consummated for any reason, the certification of the Class shall be void and the Court will vacate the certification, and the Second Amended Complaint filed in accordance with the terms of the Settlement Agreement and any answer/counterclaims filed in response thereto, *nunc pro tunc*, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights to propose or oppose any and all certification issues;

10. The Court further preliminarily finds that Jason Thompson, Counsel for Plaintiffs as named in the Second Amended Class Action Complaint, will fairly and adequately represent the interests of the Class, and hereby appoints him pursuant to Fed. R. Civ. P. 23(g) as Class Counsel for settlement purposes only.

---

[1] The Court notes that an extended statute of limitations may apply to entertainers who performed at Deja Vu of North Hollywood or Deja Vu City of Industry.

11.   Preliminary approval of a class action settlement includes setting deadlines for providing notice; opting out of the settlement class; objecting to the settlement agreement or to the proposed award of attorneys' fees, costs, expenses and plaintiff incentive awards; and scheduling a Fairness Hearing.

12.   The Court sets the following dates for the Approval Process:

**Proposed Timeline**

| EVENT | DATE |
|---|---|
| Entry of Preliminary Approval Order ("Preliminary Approval") | Today |
| Defendants shall provide the Settlement Administrator with addresses for Class Notice to be mailed. | Preliminary Approval Plus 14 days |
| Deadline for the Settlement Administrator to mail Class notice, claim forms and Opt Out Forms; deadline for Defendants to and for Class Counsel to make the above-referenced documents available to the Class on a class web site. | Preliminary Approval Plus 28 days |
| Deadline to file Motion for Final Approval of Settlement, Motion for Class Certification and Petition for Fees. | Preliminary Approval Plus 45 days |
| Deadline to file and serve upon Class Counsel and Defense Counsel Opt Out Notices, Objections and Memorandums of Law in Support of Objections.  All objectors are directed that any objection received by Class Counsel and Defense Counsel *after* the deadline for service shall be deemed untimely. | Preliminary Approval Plus 66 days |
| Plaintiff and Defendants Reply Brief (not to exceed 20 pages) | Preliminary Approval Plus 80 Days |
| Final Fairness Hearing. | April 14, 2011; 2:00 p.m. |

13.   Any Class member may object to the Settlement Agreement and/or appear at the Fairness Hearing to object to the Settlement Agreement.  A Class member wishing to object must file with this Honorable Court and serve on Class

Counsel and counsel for Defendants a written statement; (i) objecting to the settlement; and (ii) providing supporting factual and/or legal bases for the objection. Class members wishing to appear at the Fairness Hearing to object must also file with this Court, and serve upon Class Counsel and counsel for the Defendants, written notice of any intention to appear.  Such written statement and/or notice must be filed with this Court at least 14 days before the Fairness Hearing. Class members who fail to comply with these provision shall be deemed to have waived any objections, and shall be foreclosed from making any objection, whether by appeal or otherwise, to the settlement.

14. All proceedings in this Action not related to settlement shall be stayed pending the Fairness Hearing pursuant to Fed. R. Civ. P. 23(e), to determine the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved.  Further, all Class members who did not personally sign and file a timely notice of their intent to opt out, or who filed a timely claim under § 216(b) of the Fair Labor Standards Act, shall be enjoined from commencing or taking any other action based upon the claims at issue in the Second Amended Class Action Complaint.

15. The Court expressly reserves the right to adjourn the Fairness Hearing from time to time without further notice and to approve the Settlement Agreement at or after the Fairness Hearing.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 13, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2011, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager
