

Statement of Objection
Catherine McMillan
Does v. Cin-Lan, Inc, et al, No. 4:08-CV-12719

I will not ask to appear at the Final Approval Hearing, although I would like to thank all parties involved for the opportunity to have my objections considered.

I object to the extremely low estimate of an appropriate cash settlement. $500.00 would only be enough to cover stage fees and tip out for probably less than even five nights of work. I personally calculate having worked about 310 nights at Déjà Vu or its affiliates: which, even at the low prediction of $100 a day, would be a minimum of $31,000 owed to me. This figure doesn't account for the minimum wages I should have received. It also doesn't take into consideration the benefits I should have received and desperately needed, such as healthcare and sick days. In addition, the entire time I worked for Déjà Vu I was building their business and clientele while my own employee prospects diminished. At the end of a decade in the entertainment business the clubs have benefited and I have inevitably lost, now having no applicable work experience and nothing to put on my resume.

I particularly object to the position of the defendant concerning the non-employee categorization of entertainers. First of all, entertainers do not perform "when, where, and for whom they choose." Entertainers were made to be on a schedule, both the days they would work and the hours, which they often could not choose. An entertainer would definitely be terminated if they refused service to any customer. Also, it was always understood that an entertainer could be terminated for anything at any time, and often was. In addition, entertainers were often asked if they worked anywhere else and where. They would either not be "hired" or would be fired based on this. It's an outright lie for the defendant to state that entertainers "specifically rejected employment status when it was offered." I always wished we could have employment status and thought it must be unlawful, or at least very unfair that it was denied to us. The assertion that entertainers "make more money as independent contractors" is also extremely false. There is no way I would have less money if I was able to have kept it rather than give a large share, sometimes more than half, to Déjà Vu. This isn't even considering the fact that a stage fee is always required, regardless of whether even a single dollar is able to be made; oftentimes entertainers leave after a full shift of working

with negative earnings. Although defendant claims "case law supporting the legal argument that mandatory dance fees are not 'tips'", they do not mention that in addition to these mandatory dance fees or "stage fees", entertainers are also required to pay a portion of all of lap dance money, often 1/3 to ½ of what is collected. In addition to this, the actual tip money received from performing onstage must also be shared.

Most importantly, I do not want to see another generation of young women being taken advantage of, both sexually and financially, and then left with nothing to show for it but their wasted youth. We deserve the rights and protections that employee status would give us.

*Catherine McMillen*

Catherine McMillan
407 Split Rail Lane
Anaheim CA. 92807

SANTA ANA CA 927
02 MAR 2011 PM 2 T

4822642774

Clerk of the Court
United States District Court
Eastern District of Michigan
231 W. Lafayette Blvd #827
Detroit, MI 48226-2774