UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, et al.,

      Plaintiffs,

v.

CIN-LAN INC., et al.,

      Defendants.

                                 /

Case No. 08-cv-12719

HONORABLE STEPHEN J. MURPHY, III

## **MEMORANDUM ORDER APPROVING SETTLEMENT**

Upon review and consideration of the settlement agreement, the memoranda and arguments of counsel, the memoranda and arguments of objectors to the settlement, and the entire record in this action, and following the hearing held on April 14, 2011,

**IT IS HEREBY ORDERED** and **ADJUDGED** as follows:

1. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure and § 216(b) of the Fair Labor Standards Act ("FLSA"), the settlement of this action, as embodied in the terms of the Settlement Agreement set forth as Exhibit 1 to Plaintiffs' Motion for Final Approval of Class Action Settlement, is hereby finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical, and procedural considerations raised by this case.  The Settlement Agreement is incorporated by reference into this order (with capitalized terms as set forth in the Settlement Agreement).  The terms of the settlement are hereby given final and complete effect.

2. Solely for the purpose of the Settlement and pursuant to Fed. R. Civ. P. 23(a)(b)(3) and collectively under § 216(b) of the FLSA, the Court hereby finally certifies the following Settlement Class:

> All entertainers who performed at any Déjà Vu-Affiliated Nightclub identified on Exhibit A attached to the settlement agreement during the period June 25, 2005, through the present, or during the applicable limitations period for any entertainer who performed at any of the clubs involved in one of the other pending lawsuits, whichever is longer.

3. The Court finds that notice given to Class Members in this Action was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(c)(2) of the Federal Rules of Civil Procedure.

4. The Court appoints Jane Doe 1, Jane Doe 2, and Jane Doe 3, and Jane Doe 4 as Representative Plaintiffs and finds that they meet the requirements of Fed. R. Civ. P. Rule 23.

5. The Court appoints the following lawyers as Class Counsel and finds that they meet the requirements to so act:

> Jason J. Thompson
> SOMMERS SCHWARTZ, P.C.
> 2000 Town Center, Suite 900
> Southfield, MI  48075
> Telephone:  (248) 355-0300
> Facsimile:  (248) 436-8453

6. The Court further finds as follows:

   a. The above described Settlement Class is so numerous that the joinder of all members is impracticable.

   b. The above described Settlement Class is ascertainable.

   c. There are questions of law or fact common to the Settlement Class.

   d. The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class.

   e. The Representative Plaintiffs and their counsel will fairly and adequately protect the interests of the Settlement Class.

    f. That the questions of law or fact common to the members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members;

    g. That certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy; and

    h. That certification of the Settlement Class for settlement purposes serves the public interest.

7. The Court also finds that the Defendants have fully complied with the notice of settlement requirements contained in the Class Action Fairness Act, 28 U.S.C. § 1715(b), having on November 9, 2010 given notice to the United States Attorney General and the State Attorneys General as well as the State Agencies in each of the 16 states which are responsible for enforcing the states wage laws where Defendants' businesses are located.

8. After due consideration of Representative Plaintiffs' and the Settlement Class' likelihood of success at trial; the range of possible recovery; the point on or below the range of possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense and duration of the litigation; the state of proceedings at which the Settlement was achieved; and all objections; all written submissions, affidavits, and arguments of counsel; and after notice and a hearing, this Court finds that the Settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement and the Settlement should be and are approved as a full and final settlement of the Action, of all matters within the scope of the Releases, of all matters relating to or concerning attorneys' fees and attorneys' expenses in connection with the Action, and of all other matters settled and resolved in the Settlement Agreement.

      The Settlement Agreement shall govern all issues regarding the Settlement and the Action and shall govern all rights of the Parties, including the Class Members, of others addressed in the Settlement Agreement, and of all persons and entities who claim or could claim a right to attorneys' fees and/or expenses.

9. The Court has carefully considered the points raised by the objections and provided an opportunity for all objectors to present arguments to the Court in writing or at the Court Approval Hearing. Having considered all objections and arguments, and based on the arguments advanced by Class Counsel and counsel for Defendants and for other reasons, the Court finds that the objectors have not advanced any adequate justification for disapproval or modification of the Settlement Agreement. Accordingly, all objections filed with the Court, and the points raised in them, are overruled.

10. Each Class Member who has attempted to exclude herself from the Settlement Class and is treated as a Successful Opt-Out as defined in the Settlement Agreement shall be treated as having excluded herself from the Settlement. Each Class Member who did not exclude herself shall be bound by the Settlement Agreement, including the Releases and covenants not to sue in the Settlement Agreement and this Order, and by this Order and the judgment. The Releases in the Settlement Agreement are attached as Exhibit B to this Order, and are hereby incorporated by reference and become part of the final judgment in this action. Each and every Class Member is deemed to release and forever discharge defendant in this Action and all Released Persons (as defined in the Settlement Agreement) from all matters within the Releases, and such Releases shall operate as res judicata as to such matters.

11. In accordance with the Settlement Agreement, and to effectuate the Settlement, the Parties and the Settlement Administrator are directed to take such actions and

perform such duties as are required by the Settlement Agreement. Without limiting the foregoing, within the time period provided by the Settlement Agreement, and as further directed and conditioned in the Settlement Agreement:

a. Defendants, with the assistance of the Settlement Administrator, shall cause the Settlement Checks to be disbursed to qualified Class Members who filed a Valid Cash Payment Claim Form that is not subject to a successful challenge, in accordance with the Settlement Agreement;

b. Defendants shall make available to class members who do not opt out or file a Valid Cash Payment Form a Rent Credit Pool, as defined in the Settlement Agreement, to be used by class members within one year, or until available Rent Credit Funds are used, whichever is shorter;

c. Defendants shall pay the amounts awarded by separate order for attorneys' fees, costs, expenses, and class representative awards in accordance with the Settlement Agreement.

12. The Settlement Administrator, consistent with the terms and deadlines established in the Settlement Agreement, shall comply with all of its obligations under the Settlement Agreement.

13. This Action is hereby dismissed on the merits and with prejudice. Each party shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement.

14. Representative Plaintiffs, Plaintiffs' Class Counsel, and each and every Class Member are hereby permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against Defendants any claim for which a release or covenant

not to sue is given under the Settlement Agreement.  There shall be no bond required for this injunctive remedy.

15. This Court hereby retains exclusive jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement and of the Settlement Agreement, including any matters concerning the enforcement of the injunction set forth in paragraph 14.  The Court further retains jurisdiction to enforce this Order.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: July 15, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 15, 2011, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager