UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, et al.,

    Plaintiffs,

v.

CIN-LAN INC., et al.,

    Defendants.
    _____/

Case No. 08-cv-12719

HONORABLE STEPHEN J. MURPHY, III

**MEMORANDUM ORDER REGARDING ATTORNEYS'**
**FEES, EXPENSES , AND CLASS REPRESENTATIVE AWARDS**

Before the Court is Class Counsel's motion for approval of attorneys' fees and expenses and a petition for attorneys' fees filed by Todd Hardy, counsel for named plaintiffs in a class action pending in a Nevada state court that was enjoined by the Court during the administration of this settlement.[1] Class Counsel also request approval of the payment of $100,000 in incentive awards to the four class representatives, and the approval of the Class Counsel's expenses in the amount of $166,666. The Court heard argument on the requests at the fairness hearing. For the reasons stated below, the Court will grant Class Counsel's motion in part and will grant Hardy's petition.

The terms of the settlement were summarized on the record at the fairness hearing. The Court briefly summarizes here only those portions of the settlement agreement that relate to attorneys' fees, expenses, and incentive awards for class representatives. The gross settlement amount is $11.3 million, a portion of which goes to pay attorneys' fees. The settlement agreement distinguishes between Direct Attorneys' Fees and Indirect

---

[1] David Boertje, counsel for class members in three class actions filed in California, also submitted a petition for attorneys fees but later withdrew the petition after reaching an agreement on fees with Class Counsel.

Attorneys' Fees. Direct Attorneys' Fees in the amount of $666,666 are to be paid directly out of the $2 million Cash Pool. Indirect Attorneys' Fees are to be paid by class members each time they redeem rent credits. Class members will remit to the Defendants each time they redeem rent credits 1/3 of the rent credit redeemed. Defendants will then hold the fees in trust until they remit the fees in the aggregate to Class Counsel at the end of each month. In the event fees collected each month do not exceed $125,000, Defendants are responsible for the difference. Class Counsel are to received no more than $2,834,000 in Indirect Attorneys' Fees.

Defendants have also agreed to pay $200,000 of Class Counsel's litigation expenses. One-third of that amount was paid ten days after the Court preliminarily approved the settlement and certified the class, and the remaining amount will be paid within 120 days after the settlement becomes final.

Class Counsel must obtain approval from the Court before collecting attorneys' fees and expenses out of the common fund created by the settlement. After review of Class Counsel's motion, the Court finds the request to be fair and reasonable. The total request in fees and expenses is $3,500,666, which is approximately 31% of the $11 million pool created by the settlement. This percentage is reasonable when compared to fee awards in similar cases. *See, e.g.*, *Moulton v. United States Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (noting that an award of 30% of the recovery in a class action is reasonable on its face). It is also reasonable given the value of the benefit rendered to the class, the fact that Class Counsel was hired on a contingency fee basis, the complexity of the litigation, and the professional skill of counsel involved on both sides. *See id.* Especially notable was the complexity of the issues this action raised, including the joint-employer issue, Defendants' counterclaim for breach of contract, and the difficulty of demonstrating that

2

Plaintiffs were employees. Class Counsel's request is also reasonable considering the fees Plaintiffs would have incurred had counsel been retained on an hourly basis. As of the time Class Counsel filed their motion for attorneys' fees, they had worked over 6,300 hours on the litigation and incurred fees totaling $2,759,597.71. Considerable more time and money were expended after the motion was filed in an effort to obtain final approval of the settlement. Class Counsel shall be awarded its full request, except as modified below with respect to Hardy's award.

Class Counsel's request for expenses, to be paid directly by Defendants, is also reasonable given the expenses incurred in this action.

Finally, the Court also finds the incentive awards for the four class representatives to be appropriate and reasonable. The four class representatives have been instrumental in bringing the litigation to a close, and they deserve to be rewarded for their efforts.

The Court will also grant Todd Hardy's petition for attorneys' fees. "[W]hen a substantial benefit has been conferred on the class, non-lead counsel are entitled to reasonable compensation." *Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82, 87 (2d Cir. 2010). The settlement agreement provides that "any other attorney asserting an entitlement to Attorneys' Fees" may petition the Court for an award of fees and expenses. Hardy asks the Court to award him and his firm $111,663.75 in fees and $3,995.33 in expenses. Class Counsel opposes the request, contending that Hardy's efforts in the Nevada litigation did not contribute to the settlement that was ultimately reached. But that cannot be. Defendants wanted to include the claims of the Nevada plaintiffs into the settlement, which undoubtedly increased the amount of the total settlement pool to cover the potential class members in the Nevada action. To deny

Hardy's petition would leave him and his firm uncompensated for the work they performed in the Nevada action before it was enjoined.

The question, then, is how much, and from where, should Hardy and his firm receive their fee award.  It would be inappropriate to permit recovery from the portion of the settlement set aside for the class members.  Hardy will be awarded fees from the portion of the settlement set aside for attorneys' fees.

Hardy's request for $111,663.75 in fees and $3,995.33 in expenses is reasonable.  This amount represents 356 hours of work on the Nevada action by Hardy and other attorneys in his firm at reasonable hourly rates.  Hardy's request represents only three percent of the total attorney fee award of $3,500,666, and just one percent of the $11 million settlement pool.  Given the complexity of the work in the Nevada action, the counterclaims asserted by Defendants there, and the fact that Hardy's firm took the matter on a contingency basis, his request is reasonable.

Hardy's fees and expenses shall be paid by Class Counsel out of the monthly recovery they receive in Indirect Attorneys' Fees.  For each of the first twelve months Class Counsel receive Indirect Attorneys Fees, it shall forward to Hardy 8.33% of Hardy's total fee and expense award.

**WHEREFORE**, it is hereby **ORDERED** that Class Counsel's motion for approval of attorneys' fees, expenses, and class representative awards (docket no. 377) is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Todd Hardy's petition for attorneys fees is **GRANTED.**  Class Counsel shall distribute to Hardy his share of the attorneys' fees and expenses in the manner set forth above.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: July 15, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 15, 2011, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager